Sarah Christenson, CA Bar No. 291548
sarah.christenson@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:  714-800-7900
Facsimile:   714-754-1298

Attorneys for Defendant
Interstate Management Company, LLC
(erroneously sued as "Interstate Hotels
and Resorts")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| JOCELYN RODRIGUEZ-TUCKER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>INTERSTATE HOTELS AND RESORTS, a business entity form unknown and DOES 1 through 100, inclusive, and each of them,<br><br>Defendants. | Case No. 8:21-cv-00478<br><br>**DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC'S (ERRONEOUSLY SUED AS "INTERSTATE HOTELS AND RESORTS") NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>*[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Notice of Related Cases; Declarations of Christine Nilluka and Sarah Christenson in Support of Removal]*<br><br>Action Filed:     December 9, 2020<br>Trial Date:        None Set<br>District Judge:   Hon. TBD<br>Magistrate Judge: Hon. TBD |

46324390_1.docx

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC'S NOTICE OF
REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF JOCELYN RODRIGUEZ-TUCKER AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Interstate Management Company, LLC (erroneously sued as "Interstate Hotels and Resorts") ("Defendant"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332, 1441(a) and 1446.  In support of such removal, Defendant states as follows:

## I.      STATEMENT OF JURISDICTION

1.      This Court has original jurisdiction over this action under the diversity of citizenship statute, specifically, 28 U.S.C. § 1332(a).  In relevant part, the diversity statute grants district courts original jurisdiction over civil actions in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.  As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.     PLEADINGS, PROCESS AND ORDERS

2.      On February 1, 2021, Plaintiff filed a complaint in the Superior Court of the State of California for the County of Orange ("Orange County Superior Court"), entitled *Jocelyn Rodriguez-Tucker v. Interstate Hotels and Resorts, a business form unknown; and Does 1 through 100,* Case No. 30-2020-01173706 (the "Complaint").

3.      In the Complaint, Plaintiff asserts six (6) claims for relief: (1) Discrimination on the Basis of Sex; (2) Pregnancy Discrimination; (3) Failure to Prevent Discrimination, Harassment or Retaliation; (4) Hostile Work Environment; (5) Intentional Infliction of Emotional Distress; and (6) Retaliation.

4.      On February 10, 2021, Defendant Interstate Management Company, LLC accepted service of the Complaint via Notice of Acknowledgment of Receipt.  A true

46324390_1.docx

DEFENDANT INTERSTATE HOTELS AND RESORTS NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

and correct copy of the documents served on Defendant in this action with the Summons and Complaint is attached as "**Exhibit A**."  A true and correct copy of the Notice of Acknowledgment of Receipt is attached as "**Exhibit B**."

5.      On March 12, 2021, Defendant filed an answer in state court, asserting their affirmative defenses.  A true and correct copy of the Answer filed in Superior Court is attached as "**Exhibit C.**"

6.      To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Orange County Superior Court or served by any party.

## III.   TIMELINESS OF REMOVAL

7.      Defendant accepted service of the Complaint via an executed Notice of Acknowledgment of Receipt on February 10, 2021. (*See* Declaration of Sarah E. Christenson ["Christenson Decl."], ¶ 4, Exh. C.)

8.      This Notice of Removal is timely filed as it is filed within 30 days of the service of the Summons and Complaint on Defendant (28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the summons and complaint)) and within one (1) year of the commencement of this action. 28 U.S.C. § 1446(b)(1). (Christenson Decl., ¶ 4, Exh. C).

## IV.   DIVERSITY JURISDICTION

9.      This Court has subject matter jurisdiction in this case based upon diversity jurisdiction. 28 U.S.C. § 1332.  Diversity jurisdiction exists in a civil matter when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states.  *Id.* § 1332(a)(1).  Both of the requirements for subject matter jurisdiction based on diversity jurisdiction are met in this case and, therefore, this case is removable to this Court.

10.     The United States Supreme Court has held that, under 28 U.S.C. section 1446(a), a defendant seeking to remove a case to federal court need only file a "notice

46324390_1.docx

2

**DEFENDANT INTERSTATE HOTELS AND RESORTS NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  The Court further held that this language "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure" and that "[a] statement short and plain need not contain evidentiary submissions." *Id.* at 551, 553.

### A.   The Citizenship Of The Parties Is Diverse

11.   For removal purposes, citizenship is measured both when the action is filed and removed. *Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131 (9th Cir. 2002); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### 1.   Plaintiff Is A Citizen Of California

12.   For diversity purposes, a person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Marroquin v. Wells Fargo, LLC*, 2011 U.S. Dist. LEXIS 10510, at *3-4 (S.D. Cal. 2011); *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides *prima facie* case of domicile); *see Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise).

13.   The Complaint alleges that Plaintiff is, and at all times relevant to this action was, a resident of Orange County, California. (Compl, ¶ 1.)  Additionally, for the entirety of Plaintiff's employment with Defendant, she represented to Defendant that she lived, resided and was domiciled in the State of California. (*See* Declaration

46324390_1.docx

DEFENDANT INTERSTATE HOTELS AND RESORTS NOTICE OF REMOVAL
OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

of Christine Nilluka, ["Nilluka Decl."], ¶ 10.)   Accordingly, Plaintiff is a citizen, resident and domiciliary of the State of California.

### 2.     Defendant Is Not A Citizen Of California.

14.     For diversity purposes, a limited liability company is deemed a citizen of any State of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits and treating LLCs like partnerships).   Moreover, as explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), the phrase principal place of business in 28 U.S.C. § 1332(c)(1) refers to the place where a corporation's high level officers direct, control and coordinate the corporation's activities, *i.e.*, its nerve center, which will typically be found at its corporate headquarters. *Hertz Corp.*, 559 U.S. at 78.

15.     Defendant Interstate Management Company, LLC, was, at the time the Complaint was filed, and still is, as of the filing of this removal, a limited liability company organized under the laws of the State of Delaware, with no owners/members who are citizens of the State of California. (Nilluka Decl., ¶ 4-9.)   Its principal place of business was, at the time of the filing of the Complaint, and still is, as of the filing of this removal, located at its headquarters at Plano, Texas. (*Id.*)   Thus, for the purposes of federal diversity jurisdiction, Defendant is a citizen of Delaware and Texas, and is not a citizen of the State of California. (Nilluka Decl., ¶ 4-10.)

### 3.     Doe Defendants Are Disregarded For Diversity

16.     The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.   28 U.S.C. § 1441(b); *Newcomb v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998); *see also Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980).   Accordingly, complete diversity of citizenship exists in this matter between Plaintiff and Defendant.

/ / /

/ / /

46324390_1.docx

**DEFENDANT INTERSTATE HOTELS AND RESORTS NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

**B.      Defendant Only Has To Show By A Preponderance Of The Evidence That The Amount In Controversy Exceeds $75,000.**

17.      The Federal Court's Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), which applies to state and federal lawsuits commenced on or after January 6, 2012, defines the standard for showing the amount in controversy. Pub. L. 112-63, Title II, § 205.

18.      Under the JVCA, Congress clarified that the *preponderance of the evidence* standard applies to removals under 28 U.S.C. § 1332(a).  *See* H.R. Rep. 112-10 at 16 ("defendants do not need to prove to a legal certainty that the amount in controversy requirement has been met").   28 U.S.C. § 1446(c)(2)(A) provides, in relevant part, that "the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a money judgment, but the State practice . . . permits recovery of damages in excess of the amount demanded."  Under these circumstances, "removal of the action is proper on the basis of an amount in controversy . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)," or $75,000. 28 U.S.C. § 1446(c)(2)(B).  Accordingly, a removing defendant must demonstrate that the amount in controversy is more than $75,000 by a preponderance of the evidence, not to a legal certainty.

19.      The United States Supreme Court has held that, "as specified in §1446(a), a defendant's notice of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart*, 135 S. Ct. at 554 (emphasis added).  The Ninth Circuit has also rejected application of the legal certainty standard for removals. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. Aug. 27, 2013) ("A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum").

20.      To meet this relatively low burden of production regarding the amount in controversy, a defendant may rely on plaintiff's allegations, which are assumed to be

46324390_1.docx

5

**DEFENDANT INTERSTATE HOTELS AND RESORTS NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

true, and provide supplementary facts or numbers upon which the amount in controversy can reasonably be calculated. *See Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In addition to the contents of the removal petition, the court considers 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal,' such as affidavits or declarations"); *Rippee v. Boston Mkt. Corp.,* 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005) (allowing the use of "Defendant's own numbers" for "purposes of analyzing the amount in controversy"). Such calculations are more than sufficient to establish the amount in controversy. *See Rippee*, 408 F. Supp. 2d at 986 ("The amount of overtime claims in controversy can . . . be calculated using a combination of Defendant's own numbers and Plaintiff's allegations").

21. As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co*., 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorney fees. *Galt G/S v. JSS Scandinavia*, 142 F. 3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorney fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *see also Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972).

22. Here, Plaintiff seeks past and future general and special damages, including but not limited to "loss of wages, salary [and] benefits," "humiliation, mental anguish, emotional and physical distress, anxiety," pre-judgment interest, punitive damages, and attorney fees and costs. (Compl., ¶¶ 21, 22, 27-29, 36, 38, 42, 45, 49, 50, 54, 58, 60; Prayer for Relief, ¶¶ 1-5.)

23. Considered together, the general and special damages sought by Plaintiff, along with the attorney fees and punitive damages that might be awarded on her claims

46324390_1.docx

DEFENDANT INTERSTATE HOTELS AND RESORTS NOTICE OF REMOVAL
OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

if she prevails, establishes by a preponderance of the evidence that the amount in controversy for her claims alone <u>exceeds $75,000</u>.

### 1.   The Amount In Controversy On Plaintiff's Potential Back Pay and Front Pay Total At Least $278,846.75.

24.   Plaintiff's last day of employment with Defendant was February 26, 2020. (Nilluka Decl., ¶ 10.)  At the time of her termination, Plaintiff was earning an annual salary of $68,289. (*Id.*)  Although Defendant denies Plaintiff is entitled to recover any such damages, if she is able to recover back wages from her alleged last date of employment until the present—approximately thirteen months—the amount of back pay could equal **$73,979.75** ($5,690.75 per month x 13 months).  Further, if the case proceeds to trial in March 2022, approximately one year from when it is removed, and Plaintiff remains unemployed, she would likely seek an additional twelve months of lost wages, which is approximately $68,289 in back pay ($5,690.75 per month x 12 months).  In total, at the time of trial, Plaintiff will likely seek approximately **$142,268.75** in back pay ($73,979.75 + $$68,289), which by itself meets the amount in controversy requirement.

25.   In addition to Plaintiff's potential back pay, front pay awards in California frequently span a number of years.  *See, e.g., Bihun v. AT&T Information Systems, Inc.*, 13 Cal. App. 4th 976, 996-997 (1993) (in an action brought by the plaintiff alleging sexual harassment, retaliation, and wrongful termination, court affirmed front pay award that compensated plaintiff for the remainder of her entire working life) (*disapproved on other grounds in Lakin v. Watkins Associated Indus.*, 6 Cal. 4th 644 (1993)); *Horsford v. Board Of Trustees Of California State University*, 132 Cal.App.4th 359, 389 (2005) (in a retaliation, discrimination, and wrongful termination action brought by three plaintiffs, the court upheld a front pay award that compensated one of the plaintiffs for two years).  If Plaintiff seeks front pay damages for only the two year period immediately following trial, the amount of future wages in controversy could total at least an additional **$136,578** ($68,289 per year x 2 years).

46324390_1.docx

DEFENDANT INTERSTATE HOTELS AND RESORTS NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Accordingly, a reasonable estimate of Plaintiff's claims for back pay and front pay is at least **$278,846.75** ($123,288.49 in back pay + $87,027.20 in front pay). *See Fritsch v. Swift Transportation Company of Arizona, LLC*, 899 F. 3d 785, 793-94 (9th Cir. 2018) ("if the law entitles [the party] to recoup those future wages if [he or she] prevails, then there is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [the party] will actually recover them.").

## 2. Plaintiff's Potential Emotional Distress Damages Alone May Exceed $75,000.

26. Plaintiff also claims damages for alleged "emotional distress, humiliation, mental anguish and embarrassment" that will purportedly continue "for a period in the future not presently ascertainable." (Compl., ¶¶ 21, 28, 42, 49, 50, 51, 58; Prayer for Relief, ¶ 2.) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. The following cases have resulted in emotional distress damages awards in excess of the $75,000 threshold:

- *Garcia v. County of Santa Barbara*, No. 1302216, 2010 WL 4730515 (Unknown Super. Ct.) (**$150,000 for pain and suffering** where the plaintiff alleged sex and religious discrimination and retaliation);

- *Clark v. Sky Valley East LLC*, No. INC044133, 2008 WL 5999660 (Riverside Super. Ct.) (**$85,000 in non-economic** damages where the plaintiff alleged religious discrimination after she was terminated)

- *Darjee v. Laboratory Corp. of America*, No. BC259854, 2003 WL 23519587 (Unknown Super. Ct.) (**$150,000 for pain and suffering** where the plaintiff alleged religious discrimination after he was allegedly terminated for taking time off for a religious holiday);

- *Kunga v. American Guard Services, Inc.*, No. BC657320, 2018 WL 7046804 (Los Angeles County Super. Ct) (**$2,000,000 for compensatory pain and suffering** where the plaintiff alleged discrimination and wrongful

**DEFENDANT INTERSTATE HOTELS AND RESORTS NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

termination based upon the plaintiff needing to take time off to care for his disabled child);

- *Lave v. Charter Communications L.L.C.*, No. RIC-15-08865, 2017 WL 3712924 (Riverside County Super. Ct.) (**$575,000 for past noneconomic damages** where plaintiff alleged he was retaliated against and terminated for taking CFRA/FMLA leave);

- *Ismen v. Beverly Hospital*, No. 2008 WL 4056258, 2008 WL 4056258 (Los Angeles County Super. Ct.) (**$113,100 for emotional distress** where plaintiff alleged discrimination when employer represented it could not accommodate restrictions); and

- *Lopez v. Bimbo Bakeries USA, Inc.*, No. CGC-05-445104, 2007 WL 1765192 (Cal. Super. Ct. May 22, 2007) (awarding **$2,340,700** to former delivery driver claiming employer failed to accommodate her pregnancy and terminated her because of her disability leave).

27. Here, Plaintiff's allegations that Defendant allegedly discriminated against her because of her pregnancy and discriminated against her on the basis of her gender, as well as retaliated against her for asserting her rights, are similar to the factual and/or legal issues raised in many of the cases above involving accommodation, discrimination and/or retaliation. Defendant has legitimate non-discriminatory reasons for any actions taken with regard to Plaintiff; nevertheless, given Plaintiff's allegations, when measured in light of the allegations and damages awarded in the cases above, even from a conservatively measured standpoint, Plaintiff's prayer for emotional distress damages demonstrates that, at the time of removal, the amount in controversy exceeds $75,000.

### 3.   The Amount in Controversy on Plaintiff's Punitive Damage Claim Exceeds $75,000.

28. The Court must also consider Plaintiff's requests for punitive damages in determining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945

46324390_1.docx

9

DEFENDANT INTERSTATE HOTELS AND RESORTS NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

(9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action"); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Romo v. FFG Ins. Co.,* 397 F. Supp. 2d 1237, 1240 (C.D. Cal. 2005) (where authorized, punitive damages are considered as part of the amount in controversy in meeting the prerequisite for diversity jurisdiction) (*see also* Compl., ¶¶ 22, 29, 36, 38, 45, 54, 60,  Prayer for Relief, ¶ 3).

29.     Punitive damages may be substantial and in some cases even exceed the amount in controversy. In fact, courts have affirmed jury verdicts exceeding $1 million in punitive damages in alleged discrimination and/or wrongful termination cases. *See, e.g., Darjee v. Laboratory Corp. of America, No. BC259854, 2003 WL 23519587 (Unknown Super. Ct.)* (awarding $2,000,000 in punitive damages in case involving claims of religious discrimination); *Lopez v. Bimbo Bakeries USA, Inc*., No. CGC-05-445104, 2007 WL 1765192 (Cal. Super. Ct. May 22, 2007) (awarding $2,340,700 to former delivery driver claiming employer terminated her because of her disability leave); *Roby v. McKesson Corp*., 47 Cal. 4th 686 (2009).  In *State Farm Mut. Automobile Ins. Co. v. Campbell*, 538 U.S. 408 (2004), the United States Supreme Court held that the longstanding historical practice of setting  punitive damages at two, three, or four times the size of compensatory damages, while "not binding," is "instructive," and that "single-digit multipliers are more likely to comport with due process."

30.     For example, in *Lopez v. Bimbo Bakeries USA, Inc*., No. CGC-05-445104, 2007 WL 1765192 (Cal. Super. Ct. May 22, 2007), the plaintiff alleged she was terminated for taking time off for her disability.  Accepting the plaintiff's facts as true, the jury awarded the plaintiff $2,340,700 in punitive damages, among other things.

31.     Here, similar to the facts presented in the *Lopez* case, Plaintiff is alleging that Defendant discriminated against her for her disability.  Therefore, in addition to

46324390_1.docx

DEFENDANT INTERSTATE HOTELS AND RESORTS NOTICE OF REMOVAL
OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

Plaintiff's special and general damages discussed above, and, again, even from a conservatively measured standpoint, Plaintiff's prayer for punitive damages demonstrates that the amount in controversy exceeds $75,000—even though Defendant has a legitimate non-discriminatory reason for its actions. *See Haase v. Aerodynamics Inc.*, No. 2:09-cv-01751-MCE-GGH, 2009 WL 3368519, at *3-4 (E.D. Cal. 2009) (finding that even a minimum award of punitive damages would satisfy the jurisdictional requirement).

### 4.    It Is More Likely Than Not That Attorney Fees For Bringing A FEHA Claim to Trial Exceed $75,000.

32.    Finally, the Court must consider attorney fees when determining the amount in controversy in a FEHA case. *See Fritsch*, 899 F. 3d at 794 (court must include all future attorneys' fees recoverable by statute when assessing whether amount in controversy has been met); *Simmons v. PCR Technology*, 209 F. Supp. 2d 1029, 1034 (2002) (attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA and should be considered when assessing amount in controversy); *Haase*, 2009 WL 3368519, at *5 ("because attorney's fees are expressly authorized by statute, such fees may be included in determining the amount in controversy").  Courts within the Ninth Circuit have recognized that "attorneys' fees in individual discrimination cases often exceed the damages." *See Simmons, 209 F. Supp. 2d at* 1035.

33.    For example, in *Rhoton v. Ryder*, No. 982350, 2000 WL 1084569 (C.D. Cal. Feb. 10, 2000), the plaintiff alleged she was  retaliated against for making complaints of gender and disability discrimination, when her employer terminated her after she returned from a medical leave. Plaintiff brought causes of action under the FEHA. Accepting the plaintiff's facts as true, the jury awarded $75,000 in general damages/emotional distress, plus an additional $91,000 in attorneys' fees pursuant to the FEHA.  Similarly, in *Lave v. Charter Communications L.L.C.*, 2017 WL 3712924 (Riverside County Sup. Ct.), the plaintiff alleged he was wrongly disciplined and

46324390_1.docx

DEFENDANT INTERSTATE HOTELS AND RESORTS NOTICE OF REMOVAL
OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

thereafter terminated (disability discrimination under the FEHA).  The jury awarded plaintiff $575,000 in past non-economic damages, plus an additional $400,800 in attorney fees pursuant to the FEHA.

34.     Like the *Rhoton* and *Lave* cases, Plaintiff has also alleged FEHA causes of action (discrimination, failure to accommodate, retaliation, and failure to prevent discrimination) for which she seeks attorney fees.  Thus, the Court should also consider such fees when determining the amount in controversy. *See Galt G/S*, 142 F.3d at 1155-56.

35.     Accordingly, the cases cited above and each Plaintiff's request for attorney fees shows that the amount in controversy exceeds $75,000.

### 5.     The Amount In Controversy Exceeds $75,000.

36.     In sum, when Plaintiff's potential emotional distress damages, punitive damages, and attorney fees are tabulated, and, further, when Plaintiff's alleged wage-related damages are added to her potential recovery, it easily becomes "more likely than not" that the amount at issue in this lawsuit far exceeds the minimum amount required for diversity jurisdiction. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860 (9th Cir.) *opinion amended and superseded on denial of reh'g,* 102 F.3d 398 (9th Cir. 1996).[1]

37.     Based upon the allegations contained in Plaintiff's Complaint, as discussed above, Defendant is informed and believes and alleges that the amount in controversy in this action has been met and, therefore, Plaintiff seeks damages within the jurisdictional authority of this Court.  Since diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy between the parties is in excess

---

[1] By estimating the amount Plaintiff may recover if she were to prevail, Defendant does not concede that Plaintiff will prevail on her claims or that, if she prevails, she is entitled to damages in any particular amount or at all.  Defendant reserves the full right to dispute Plaintiff's claims with respect to both liability and damages.

46324390_1.docx

of $75,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. section 1332(a)(1).  This action is therefore proper for removal to this Court.

## V.  NO JOINDER REQUIRED

38.    Unnamed, or doe defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (doe defendants need not join in removal).

## VI.  VENUE

39.    Venue is proper in this Court because this action was originally filed in the Orange County Superior Court, located within the District and Division of the Court. *See* 28 U.S.C. §§ 84(c), 1441(a).  Venue of this action is also proper pursuant to 28 U.S.C. section 1391, providing that an action may be venued in a judicial district where a substantial part of the event or omissions giving rise to the claim occurred. *See* 28 U.S.C. § 1391(a) and (b).

## VII.  NOTICE OF REMOVAL TO PLAINTIFF

40.    Following the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be given by the undersigned to Plaintiff's counsel of record, and a copy of the Notice of Removal will be filed with the Clerk of the Orange County Superior Court.

## PRAYER FOR REMOVAL

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California for the County of Orange, to the United States

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

46324390_1.docx

DEFENDANT INTERSTATE HOTELS AND RESORTS NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT

District Court of the Central District of California.

DATED: March 12, 2021

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: /s/ Sarah Christenson
Sarah Christenson
Attorneys for Defendant
Interstate Management Company,
LLC (erroneously sued as "Interstate
Hotels and Resorts")

46324390_1.docx

14

# EXHIBIT A

Case 8:21-cv-00478-CJC-DFM   Document 1   Filed 03/12/21   Page 17 of 73   Page ID #:17
Electronically Filed by Superior Court of California, County of Orange, 12/09/2020 10:43:11 AM.
30-2020-01173706-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

1   RAY & SEYB LLP
    CHARLES M. RAY SBN 282440
2   SPENCER L. SEYB, SBN 282501
    17671 Irvine Blvd. Ste. 208
3   Tustin, CA 92780
    Tele: 949-734.7333
4   Fax: 949-274-8151
    c.ray@rayseyb.com
5   s.seyb@rayseyb.com

6   Attorneys for Plaintiff:
    JOCELYN RODRIGUEZ-TUCKER
7

8           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
            **FOR THE COUNTY OF ORANGE**
9

10  JOCELYN RODRIGUEZ-TUCKER, an        CASE No.:   30-2020-01173706-CU-OE-CJC
    individual,                         [Before the Hon. Assigned for all purposes      ]
                                        Judge Derek W. Hunt
11                    Plaintiff,        **COMPLAINT FOR MONETARY**
                                        **DAMAGES AND DEMAND FOR JURY**
12  v.                                  **TRIAL.**

13  INTERSTATE HOTELS AND               1.   DISCRIMINATION ON THE BASIS OF
    RESORTS, a business entity form          SEX;
14  unknown; and DOES 1 through 100,
    inclusive, and each of them,        2.   PREGNANCY DISCRIMINATION;
15
                      Defendants,        3.   FAILURE TO PREVENT
16                                            DISCRIMINATION, HARASSMENT
                                              OR RETALIATION;
17

18                                      4.   HOSTILE WORK ENVIRONMENT;
19
                                        5.   INTENTIONAL INFLICTION OF
20                                           EMOTIONAL DISTRESS;
21                                      6.   RETALITION.
22
23
24
25
26
27
28

                                    -1-
            COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## I. **INTRODUCTION**

This dispute arises out of an extensive mistreatment of Plaintiff JAQUELYN RODRIGUEZ-TUCKER by a member of Defendant INTERSTATE HOTELS AND RESORT's management to which no reasonable response to protect or attempt to punish such conduct were taken.

## II. **PARTIES AND JURISDICTION**

1. Plaintiff JAQUELYN RODRIGUEZ-TUCKER (herein "Plaintiff") is an individual residing California, County of Orange.

2. Defendant INTERSTATE HOTELS AND RESORTS (herein "Defendant IHR") is California domestic corporation, with business identification number C2120958, doing business and authorized to conduct business in the state of California, County of Orange, at the address of 1850 S Harbor Blvd Anaheim, CA 92802.

3. Defendant IHR is referred to herein collectively as "Defendants" where appliable.

4. Defendants and Does 1 through 100, at all relevant times were the agents and employees of one another, ratifying the acts of one another, and in doing the things hereinafter alleged were acting within the course and scope of the agency.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

6. Plaintiff is informed and believes, and thereupon alleges that at all times herein mentioned, the Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants and in doing the things herein after alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

7. Plaintiff is informed and believe and thereon alleges that each of the fictitiously named Defendant is responsible in some manner for the occurrences hereinafter alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the

-2-

**Exhibit A, Page 17**

1    aforementioned Defendants.

2    8.    The unlawful conduct alleged herein was committed within the County of Orange.

3          **III.    FACTS COMMON TO ALL CAUSES OF ACTION**

4    9.    Plaintiff began her employment with Red Lion Hotels in December of 2016. Upon

5          taking her position as Controller/Account Manager, she quickly earned respect and

6          admiration from her work peers for her attention to detail and upbeat attitude.

7    10.   In February of 2019, it was announced that Defendant would be purchasing Red Lion

8          Hotels and all employees would be retained after that purchase.

9    11.   In May of 2019, Plaintiff had a one on one meeting with a male manager of Defendant.

10         At this point, it is widely known within the company that Plaintiff was pregnant and

11         planning on going out on pregnancy leave in July.

12   12.   To Plaintiff's surprise, during this conversation this manager allegedly suggested that

13         she should strongly consider not coming back to work and additionally that she should

14         become a "stay at home mom". He went on to say how great it was for his family that

15         his wife had stayed home with their kids. He also suggested that if she did not want to

16         be a stay at home mom, maybe she should just come back part time. This suggestion

17         was brought up several times during the conversation and Plaintiff felt as if she was

18         being strongly pressured to resign.

19   13.   In response Plaintiff told this manager that her family could not financially afford for

20         her to stay home, nor work part time. His comments caused Plaintiff to be embarrassed

21         and devalued as both an employee and as a women. She began to fear for the security of

22         her job and suffered from panic attacks after these exchanges.

23   14.   Later that day Plaintiff report this conversation to Defendant's Human Resources

24         Department. Allegedly, the person she spoke to said they "did not like what was said"

25         and would "look into the situation". As time quickly told, there was no meaningful or

26         substantive investigation performed.  As planned, Plaintiff went out on medical leave

27         for her pregnancy on July 5, 2019.

28   15.   On January 13, 2020, Plaintiff returned to work to find her desk and duties had been

                                        -3-
              COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**Exhibit A, Page 18**

Ray&Sey LLP

1    taken over by someone else.  At this point, it was clear to Plaintiff that this manager had

2    been trying to strong arm her into quitting or not coming back after her pregnancy leave.

3    The takeover served as a demotion and Plaintiff never retained her previous

4    responsibility or seniority.

5    ## IV.    **EXHAUSTION OF REMEDIES**

6    16.    Plaintiff has exhausted all applicable administrative remedies. On December 9, 2020, an

7    Administrative Complaint was filed on Plaintiff's behalf with the California Department

8    of Fair Employment and Housing as to Defendants Only and a Right to Sue notice was

9    issued on that same day with assigned Case No.: 202012-12029809 and is attached hereto

10    as Exhibit A.

11    ## V.    **FIRST CAUSE OF ACTION**
      DISCRIMINATION ON THE BASIS OF SEX
12    (Against All DEFENDANTS)

13    17.    Plaintiff incorporates by reference and realleges paragraphs 1 through 16, inclusive, as

14    though set forth fully herein.

15    18.    Plaintiff is informed and believes and thereon alleges that she was mistreated in

16    violation of California law as described previous, had her responsibilities cut or reduced

17    and was terminated due to her sex (female).

18    19.    Plaintiff is informed and believes and thereon alleges that her sex (female) was a

19    motivating factor in her being mistreated in violation of California law as described

20    previous, had her responsibilities cut or reduced and was terminated.

21    20.    The foregoing conduct by the Employer Defendants and each of them constitutes

22    discrimination in violation of Government Code §12940(a), and other provisions of

23    FEHA, which preclude an employer from discriminating against an employee or taking

24    other adverse employment actions against them due to their sex.

25    21.    As a proximate result of Defendant's wrongful actions against Plaintiff, as alleged

26    above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary,

27    benefits, and additional amounts of money Plaintiff would have received if Plaintiff had

28    not been wrongfully terminated by Defendant.  As a further proximate result of

-4-

Ray&SeybLLP

Defendant's wrongful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered intangible loss of employment-related opportunities. As a further proximate result of Defendant's wrongful actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body.

22. The wrongful conduct of Defendant set forth herein above was perpetrated upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable. Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual defendant, including without limitation, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct, each corporate Defendant by and through its officers, directors and managing agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged. Therefore, Plaintiff seeks exemplary and punitive damages against Defendant in an amount according to proof.

## VI.   SECOND CAUSE OF ACTION
PREGENCY DISCRIMINATION
(Against All DEFENDANTS)

23. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 22, inclusive, as though fully set forth herein.

24. FEHA, codified in the Government Code, makes it unlawful for an employer to discriminate against an employee on the basis of pregnancy, childbirth or related medical conditions and or to refuse to allow a female employee affected by pregnancy, childbirth or related medical conditions to take leave on account of pregnancy.

25. Defendants engaged in unlawful employment practices in violation of the FEHA by,

-5-

**Exhibit A, Page 20**

1    including but not limited to, encouraging Plaintiff to quit and be a "stay at home mom"

2    and then negatively altering her terms of employment.

3    26.   Plaintiff is informed and believes and based thereon alleges that her pregnancy,

4    childbirth and related medical conditions, as well as her protected leave, were

5    motivating factors in Defendants' decision to first encourage Plaintiff to quit or became

6    a part time employee and then demote her.

7    27.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff

8    has suffered and continues to sustain substantial losses in earnings and other

9    employment benefits in an amount according to proof at the time of trial.

10   28.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff

11   has suffered humiliation, emotional distress, and mental and physical pain and anguish,

12   all to her damage in an amount according to proof at the time of trial.

13   29.   In doing the acts herein alleged, Defendants, and each of them, acted with oppression,

14   fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore

15   entitled to punitive damages in an amount according to proof at the time of trial.

16   30.   Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an

17   amount according to proof at the time of trial.

18                    **VII.   <u>THIRD CAUSE OF ACTION</u>**
        FAILURE TO PREVENT DISCRIMIANTION, HARASSMENT OR RETALIATION
19                         (Against All DEFENDANTS)

20   31.   Plaintiff incorporates by reference and realleges paragraphs 1 through 30, inclusive, as

21   though set forth fully herein.

22   32.   California Government Code section 12940(k) provides that it is unlawful for any

23   employer or covered entity to fail to take all reasonable steps necessary to prevent

24   retaliation from occurring.

25   33.   Defendant failed to take all reasonable steps necessary to prevent retaliation from

26   occurring.

27   34.   Among other things, Defendant failed to train and adequately supervise its employees in

28   order to ensure that these employees were not violating the Fair Employment and

-6-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ray&SeybLLP

1    Housing Act in their treatment of other employees.

2    35.    In committing these actions, Defendant violated the Fair Employment and Housing Act.

3    Defendant committed the acts alleged herein oppressively and maliciously, with the

4    wrongful intention of injuring Plaintiff.

5    36.    Defendant, from an evil and improper motive amounting to malice, and in conscious

6    disregard of Plaintiff's rights, in that Defendant failed to take all reasonable steps

7    necessary to prevent discrimination and harassment from occurring. Thus, Plaintiff is

8    entitled to recover punitive damages from Defendant.

9    37.    As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an

10    amount according to proof.

11    38.    The conduct of Defendants and Does 1 through 100 and/or their agents, employees, and

12    supervisors as described herein was malicious, oppressive, and done with willful and

13    conscious disregard for Plaintiff's rights and for the deleterious consequences of

14    Defendants' actions. Defendants authorized, condoned, and ratified the unlawful

15    conduct of each and every one of them. Consequently, Plaintiff is entitled to an award

16    of punitive damages in an amount to be determined at trial.

17    **VIII. FOURTH CAUSE OF ACTION**
       HOSTILE WORK ENVIRONMENT
18    (Against All DEFENDANTS)

19    39.    Plaintiff incorporates by reference and realleges paragraphs 1 through 38, inclusive, as

20    though set forth fully herein.

21    40.    Defendants' actions, as alleged above, resulted in a work environment which was hostile

22    to Plaintiff and said hostile environment permeated Plaintiff's workplace. Additionally,

23    Defendants' actions as alleged above were unwelcome to Plaintiff and negatively altered

24    Plaintiff's workplace by creating an environment hostile to Plaintiff.

25    41.    Defendant and DOES 1 - 100, and each of them, caused, allowed, and failed to prevent a

26    hostile work environment for Plaintiff.

27    42.    As a result of such discrimination, as ratified and authorized by Defendants, Plaintiff

28    was violated in her person, humiliated, and subjected to severe emotional distress and

-7-

1    damage as well.

2    43.    The foregoing conduct violates the California Fair Employment and Housing Act,

3            Government Code Section 12940, et seq.

4    44.    Plaintiff received a right-to-sue letter from the DFEH and filed this action in a timely

5            manner thereafter, a copy of which is attached hereto as Exhibit A.  Accordingly,

6            Plaintiff has timely complied with all prerequisites to suit.

7    45.    The conduct of Defendants and Does 1 through 100 and/or their agents, employees, and

8            supervisors as described herein was malicious, oppressive, and done with willful and

9            conscious disregard for Plaintiff's rights and for the deleterious consequences of

10          Defendants' actions.  Defendants authorized, condoned, and ratified the unlawful

11          conduct of each and every one of them.  Consequently, Plaintiff is entitled to an award

12          of punitive damages in an amount to be determined at trial.

13    46.    Plaintiff is further informed and believes that each business or employer, through its

14          officers, directors and managing agents, and each individual Defendant had advance

15          knowledge of the wrongful conduct set forth above and allowed said wrongful conduct

16          to occur and continue to occur, thereby ratifying said wrongful conduct, with a

17          conscious disregard of the rights and safety of Plaintiff.  For the deleterious

18          consequences of Defendants' actions, and after becoming aware of their wrongful

19          conduct, each Defendant by and through its agents, and each individual Defendant,

20          authorized and ratified the wrongful conduct herein alleged.

21    47.    Plaintiff is further informed and believes and based thereon alleges that at all times

22          relevant hereto, Defendants, and each of them, were the agents, employees, managing

23          agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos,

24          and/or joint ventures of the other Defendants, and each of them, and in doing the things

25          alleged herein, were acting at least in part within the course and scope of said agency,

26          employment, conspiracy, joint employer, alter ego status, and/or joint venture and with

27          the permission and consent of each of the other Defendants

28          ///

-8-

Ray&SeybLLP

## IX.  **FIFTH CAUSE OF ACTION**
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All DEFENDANTS)

48. Plaintiff incorporates by reference and realleges paragraphs 1 through 47, inclusive, as though set forth fully herein.

49. Defendants' conduct was done with reckless disregard of the probability of causing Plaintiff emotional distress or with the intent of causing Plaintiff to suffer emotional distress.

50. Plaintiff did in fact suffer severe emotional distress.  Plaintiff's emotional distress was a direct and proximate result of the outrageous conduct of Defendants.

51. Moreover, Defendants' conduct was oppressive, fraudulent, malicious, despicable, and outrageous, and was carried on by Defendants with willful disregard of the rights or safety of Plaintiff.  Defendants therefore subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. As a further proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

52. Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of Plaintiff and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

53. Plaintiff is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos,

-9-

Ray&Seyb LLP

Exhibit A, Page 24

1    and/or joint ventures of the other Defendants, and each of them, and in doing the things

2    alleged herein, were acting at least in part within the course and scope of said agency,

3    employment, conspiracy, joint employer, alter ego status, and/or joint venture and with

4    the permission and consent of each of the other Defendants.

5    54.   The conduct of Defendants and Does 1 through 100 and/or their agents, employees,

6    supervisors as described herein was malicious, oppressive, and done with willful and

7    conscious disregard for Plaintiff's rights and for the deleterious consequences of

8    Defendants' actions. Defendants authorized, condoned, and ratified the unlawful

9    conduct of each and every one of them. Consequently, Plaintiff is entitled to an award

10    of punitive damages in an amount to be determined at trial.

### X. SIXTH CAUSE OF ACTION
RETALIATION
(Against all Defendants)

13    55.   Plaintiff restates and incorporates by reference each and every allegation contained in

14    paragraphs 1 through 54, inclusive, as though fully set forth herein.

15    56.   In violation of Cal. Govt. Code 12940, et seq., Defendant, as alleged herein above,

16    retaliated against Plaintiff for informing management about unlawful conduct and a

17    hostile work environment, a protected activity, by subjecting him to adverse

18    employment actions including, but not limited to the following:

19    a.   Treating Plaintiff less favorably than his co-workers;

20    b.   Denying Plaintiff the benefits and privileges of his employment;

21    c.   Subjecting Plaintiff to unwarranted disciplinary actions;

22    d.   Defaming Plaintiff's character and professional reputation;

23    57.   Plaintiff received a right-to-sue letter from the DFEH and filed this action in a timely

24    manner thereafter, a copy of which is attached hereto as Exhibit A. Accordingly,

25    Plaintiff has timely complied with all prerequisites to suit.

26    58.   As a proximate result of Defendant's wrongful actions against Plaintiff, as alleged

27    above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary,

28    benefits, and additional amounts of money Plaintiff would have received if Plaintiff had

Ray&SeyBLLP

1   not been wrongfully terminated by Defendant.  As a further proximate result of

2   Defendant's wrongful actions against Plaintiff as alleged above, Plaintiff has been

3   harmed in that Plaintiff has suffered intangible loss of employment-related

4   opportunities.  As a further proximate result of Defendant's wrongful actions against

5   Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered

6   humiliation, mental anguish, emotional and physical distress, anxiety, and has been

7   injured in the mind and body.

8   59.   The wrongful conduct of Defendant set forth herein above was perpetrated upon

9   Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights

10  and safety and with a callous indifference to the injurious consequences which were

11  substantially certain to occur and was shameful, despicable and deplorable.  Plaintiff is

12  further informed and believes that each business or corporate employer, through its

13  officers, directors and managing agents, had advance knowledge of the wrongful

14  conduct set forth above and allowed said wrongful conduct to occur and continue to

15  occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights

16  and safety of Plaintiff, and after becoming aware of their wrongful conduct, each

17  corporate Defendant by and through its officers, directors and managing agents, and

18  each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

19  60.   The conduct of Defendant and Does 1 through 100 and/or their agents, employees, and

20  supervisors as described herein was malicious, oppressive, and done with willful and

21  conscious disregard for Plaintiff's rights and for the deleterious consequences of

22  Defendant's actions.  Defendant authorized, condoned and ratified the unlawful conduct

23  of each and every one of them.  Consequently, Plaintiff is entitled to an award of

24  punitive damages in an amount to be determined at trial.

25  61.   Plaintiff is further informed and believes that each business or employer, through its

26  officers, directors and managing agents, and each individual Defendant had advance

27  knowledge of the wrongful conduct set forth above and allowed said wrongful conduct

28  to occur and continue to occur, thereby ratifying said wrongful conduct, with a

-11-

Exhibit A, Page 26

Ray&Sey&LLP

1   conscious disregard of the rights and safety of Plaintiff and for the deleterious

2   consequences of Defendant's actions, and after becoming aware of their wrongful

3   conduct, each Defendant by and through its agents, and each individual Defendant,

4   authorized and ratified the wrongful conduct herein alleged.

5   ## XI.   **PRAYER FOR RELIEF**

6   **WHEREFORE**, Plaintiff JOCELYN RODRIGUEZ-TUCKER on behalf of herself,

7   requests the following relief as against Defendants INTERSTATE HOTELS AND RESORTS,

8   a California domestic nonprofit corporation; and DOES 1 through 100, as follows:

9   1.   For compensatory economic damages according to proof including losses incurred in

10      seeking substitute employment and loss of earnings, and other employment benefits;

11   2.   For compensatory non-economic damages for losses resulting from humiliation, mental

12      anguish, and emotional distress according to proof;

13   3.   For punitive damages according to proof;

14   4.   For costs incurred by Plaintiff, including reasonable attorneys' fees;

15   5.   For such other and further relief as the Court may deem proper.

16   ## XII.   **DEMAND FOR JURY TRIAL**

17   Plaintiff JOCELYN RODRIGUEZ-TUCKER requests a jury trial on all issues.

18   Respectfully submitted,

19   DATED: December 9, 2020                    **RAY & SEYB LLP**

20                                              By: _____

21                                              Spencer L. Seyb
                                                Attorney for Plaintiff
22                                              JOCELYN RODRIGUEZ-TUCKER

23

24

25

26

27

28

Ray&SeybLLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ray&SeyblLP

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 9, 2020

JAQUELYN RODRIGUEZ-TUCKER

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202012-12029809
Right to Sue: RODRIGUEZ-TUCKER / INTERSTATE HOTELS AND RESORTS

Dear JAQUELYN RODRIGUEZ-TUCKER:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 9, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Case 8:21-cv-00478-CJC-DFM   Document 1   Filed 03/12/21   Page 31 of 73   Page ID #:31
Electronically Filed by Superior Court of California, County of Orange, 12/09/2020 10:43:11 AM.
30-2020-01173706-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Spencer L. Seyb, SBN 282501<br>Ray & Seyb LLP<br>17671 Irvine Blvd. Ste. 208<br>Tustin, CA 92780<br>  TELEPHONE NO.: 9497347333        FAX NO.:<br>ATTORNEY FOR *(Name):* JOCELYN RODRIGUEZ-TUCKER | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
  STREET ADDRESS: 700 Civic Center Dr.
  MAILING ADDRESS:
  CITY AND ZIP CODE: Santa Ana, 92701
  BRANCH NAME: Central Justice Center

CASE NAME:
RODRIGUEZ-TUCKER v. INTERSTATE HOTELS, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>30-2020-01173706-CU-OE-CJC |
|---|---|---|---|---|
| ✔ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE: Judge Derek W. Hunt<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ✔ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is  ✔ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve              in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence          f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ✔ punitive
4. Number of causes of action *(specify):* Six (6)
5. This case ☐ is  ✔ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/9/2020
Spencer L. Seyb
  (TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

Exhibit A, Page 30

Electronically Filed by Superior Court of California, County of Orange, 12/09/2020 10:43:11 AM.
30-2020-01173706-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INTERSTATE HOTELS AND RESORTS, a business entity form unknown; and DOES 1 through 100, inclusive, and each of them,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOCELYN RODRIGUEZ-TUCKER, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*  Orange County - Central Justice Center<br>700 Civic Center Dr. Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2020-01173706-CU-OE-CJC<br>Judge Derek W. Hunt |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Spencer L. Seyb, RAY & SEYB LLP, 17671 Irvine Blvd. Ste. 208 Tustin, CA 92780 T -949-734-7333

| DATE:<br>*(Fecha)*  12/09/2020 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)*  Randi Baker | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

[SEAL] SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |

For your protection and privacy, please press the Clear This Form button after you have printed the form.

 

Print this form   Save this form   Clear this form

Exhibit A, Page 31

# EXHIBIT B

 **CT Corporation**

**Service of Process Transmittal**
01/27/2021
CT Log Number 538955016

**TO:** Greg Moundas, Executive V.P. General Counsel
Aimbridge Hospitality LLC
5851 Legacy Cir Ste 400
Plano, TX 75024-5979

**RE:** **Process Served in California**

**FOR:** Interstate Hotels & Resorts, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | r:Jocelyn Rodriguez-Tucker, Pltf./Petitioner vs. Interstate Hotels & Resorts, et al., Dfts./Respondent<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 30202001173706CUOECJC |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 01/27/2021 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/27/2021, Expected Purge Date: 02/06/2021<br><br>Image SOP<br><br>Email Notification,  Karen Kovach  karen.kovach@aimhosp.com<br><br>Email Notification,  Laura Vesely  laura.vesely@aimhosp.com<br><br>Email Notification,  Nicole Graves  nicole.graves@aimhosp.com<br><br>Email Notification,  Matt Dreyfuss  matthew.dreyfuss@aimhosp.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other

Page 1 of  2 / PP

Exhibit B, Page 33

 CT Corporation

**Service of Process Transmittal**
01/27/2021
CT Log Number 538955016

**TO:**   Greg Moundas, Executive V.P. General Counsel
Aimbridge Hospitality LLC
5851 Legacy Cir Ste 400
Plano, TX 75024-5979

**RE:**   **Process Served in California**

**FOR:**   Interstate Hotels & Resorts, Inc.  (Domestic State: DE)

advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 2 of  2 / PP

Exhibit B, Page 34



**Ray&Seyb**LLP

17671 IRVINE BLVD. STE. 208
TUSTIN, CA 92780

CT Corporation System
818 W 7th St #930
Los Angeles, CA 90017

Exhibit B, Page 35

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 282501 | FOR COURT USE ONLY |
|---|---|---|

NAME: Spencer L. Seyb
FIRM NAME: Ray & Seyb LLP
STREET ADDRESS: 17671 Irvine Blvd. Ste. 208
CITY: Tustin          STATE: CA     ZIP CODE: 92780
TELEPHONE NO.: 9497347333     FAX NO.:
E-MAIL ADDRESS: c.seyb@rayseyb.com
ATTORNEY FOR (Name): Jocelyn Rodriguez-Tucker

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

Plaintiff/Petitioner: Jocelyn Rodriguez-Tucker
Defendant/Respondent: Interstate Hotels

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2020-01173706-CU-OE-CJC |
|---|---|

TO (insert name of party being served): Interstate Hotels and Resorts

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/21/2021

Charles M. Ray
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of (to be completed by sender before mailing):

1. [x] A copy of the summons and of the complaint.
2. [x] Other (specify):
   Civil Case Cover Sheet

(To be completed by recipient):

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

_____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

For your protection and privacy, please press the Clear
This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]          [ Clear this form ]

Exhibit B, Page 36

Electronically Filed by Superior Court of California, County of Orange, 12/09/2020 10:43:11 AM.
30-2020-01173706-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

1  RAY & SEYB LLP
   CHARLES M. RAY SBN 282440
2  SPENCER L. SEYB, SBN 282501
   17671 Irvine Blvd. Ste. 208
3  Tustin, CA 92780
   Tele: 949-734.7333
4  Fax: 949-274-8151
   c.ray@rayseyb.com
5  s.seyb@rayseyb.com

6  Attorneys for Plaintiff:
   JOCELYN RODRIGUEZ-TUCKER

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
              **FOR THE COUNTY OF ORANGE**

9

10  JOCELYN RODRIGUEZ-TUCKER, an        CASE No.:  30-2020-01173706-CU-OE-CJC
    individual,                          [Before the Hon. Assigned for all purposes        ]
11                                                   Judge Derek W. Hunt

                            Plaintiff,   **COMPLAINT FOR MONETARY**
12                                       **DAMAGES AND DEMAND FOR JURY**
    v.                                   **TRIAL.**
13
    INTERSTATE HOTELS AND               1.   DISCRIMINATION ON THE BASIS OF
14  .RESORTS, a business entity form          SEX;
    unknown; and DOES 1 through 100,
15  inclusive, and each of them,        2.   PREGNANCY DISCRIMINATION;

16                          Defendants,  3.   FAILURE TO PREVENT
                                             DISCRIMINATION, HARASSMENT
17                                           OR RETALIATION;

18                                       4.   HOSTILE WORK ENVIRONMENT;

19                                       5.   INTENTIONAL INFLICTION OF
                                             EMOTIONAL DISTRESS;
20
                                         6.   RETALITION.
21

22

23

24

25

26

27

28

                                      -1-
                 COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## I.   **INTRODUCTION**

This dispute arises out of an extensive mistreatment of Plaintiff JAQUELYN RODRIGUEZ-TUCKER by a member of Defendant INTERSTATE HOTELS AND RESORT's management to which no reasonable response to protect or attempt to punish such conduct were taken.

## II.   **PARTIES AND JURISDICTION**

1.   Plaintiff JAQUELYN RODRIGUEZ-TUCKER (herein "Plaintiff") is an individual residing California, County of Orange.

2.   Defendant INTERSTATE HOTELS AND RESORTS (herein "Defendant IHR") is California domestic corporation, with business identification number C2120958, doing business and authorized to conduct business in the state of California, County of Orange, at the address of 1850 S Harbor Blvd Anaheim, CA 92802.

3.   Defendant IHR is referred to herein collectively as "Defendants" where appliable.

4.   Defendants and Does 1 through 100, at all relevant times were the agents and employees of one another, ratifying the acts of one another, and in doing the things hereinafter alleged were acting within the course and scope of the agency.

5.   Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

6.   Plaintiff is informed and believes, and thereupon alleges that at all times herein mentioned, the Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants and in doing the things herein after alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

7.   Plaintiff is informed and believe and thereon alleges that each of the fictitiously named Defendant is responsible in some manner for the occurrences hereinafter alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the

-2-

**Exhibit B, Page 38**

1    aforementioned Defendants.

2    8.    The unlawful conduct alleged herein was committed within the County of Orange.

3        **III.    FACTS COMMON TO ALL CAUSES OF ACTION**

4    9.    Plaintiff began her employment with Red Lion Hotels in December of 2016. Upon

5          taking her position as Controller/Account Manager, she quickly earned respect and

6          admiration from her work peers for her attention to detail and upbeat attitude.

7    10.   In February of 2019, it was announced that Defendant would be purchasing Red Lion

8          Hotels and all employees would be retained after that purchase.

9    11.   In May of 2019, Plaintiff had a one on one meeting with a male manager of Defendant.

10         At this point, it is widely known within the company that Plaintiff was pregnant and

11         planning on going out on pregnancy leave in July.

12   12.   To Plaintiff's surprise, during this conversation this manager allegedly suggested that

13         she should strongly consider not coming back to work and additionally that she should

14         become a "stay at home mom". He went on to say how great it was for his family that

15         his wife had stayed home with their kids. He also suggested that if she did not want to

16         be a stay at home mom, maybe she should just come back part time. This suggestion

17         was brought up several times during the conversation and Plaintiff felt as if she was

18         being strongly pressured to resign.

19   13.   In response Plaintiff told this manager that her family could not financially afford for

20         her to stay home, nor work part time. His comments caused Plaintiff to be embarrassed

21         and devalued as both an employee and as a women. She began to fear for the security of

22         her job and suffered from panic attacks after these exchanges.

23   14.   Later that day Plaintiff report this conversation to Defendant's Human Resources

24         Department. Allegedly, the person she spoke to said they "did not like what was said"

25         and would "look into the situation". As time quickly told, there was no meaningful or

26         substantive investigation performed.  As planned, Plaintiff went out on medical leave

27         for her pregnancy on July 5, 2019.

28   15.   On January 13, 2020, Plaintiff returned to work to find her desk and duties had been

-3-

Ray&Sey LLP

1    taken over by someone else.  At this point, it was clear to Plaintiff that this manager had

2    been trying to strong arm her into quitting or not coming back after her pregnancy leave.

3    The takeover served as a demotion and Plaintiff never retained her previous

4    responsibility or seniority.

## IV.    **EXHAUSTION OF REMEDIES**

6    16.    Plaintiff has exhausted all applicable administrative remedies. On December 9, 2020, an

7    Administrative Complaint was filed on Plaintiff's behalf with the California Department

8    of Fair Employment and Housing as to Defendants Only and a Right to Sue notice was

9    issued on that same day with assigned Case No.: 202012-12029809 and is attached hereto

10   as Exhibit A.

## V.    **FIRST CAUSE OF ACTION**
### DISCRIMINATION ON THE BASIS OF SEX
(Against All DEFENDANTS)

13   17.    Plaintiff incorporates by reference and realleges paragraphs 1 through 16, inclusive, as

14   though set forth fully herein.

15   18.    Plaintiff is informed and believes and thereon alleges that she was mistreated in

16   violation of California law as described previous, had her responsibilities cut or reduced

17   and was terminated due to her sex (female).

18   19.    Plaintiff is informed and believes and thereon alleges that her sex (female) was a

19   motivating factor in her being mistreated in violation of California law as described

20   previous, had her responsibilities cut or reduced and was terminated.

21   20.    The foregoing conduct by the Employer Defendants and each of them constitutes

22   discrimination in violation of Government Code §12940(a), and other provisions of

23   FEHA, which preclude an employer from discriminating against an employee or taking

24   other adverse employment actions against them due to their sex.

25   21.    As a proximate result of Defendant's wrongful actions against Plaintiff, as alleged

26   above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary,

27   benefits, and additional amounts of money Plaintiff would have received if Plaintiff had

28   not been wrongfully terminated by Defendant.  As a further proximate result of

Ray&Seyb LLP

1    Defendant's wrongful actions against Plaintiff as alleged above, Plaintiff has been

2    harmed in that Plaintiff has suffered intangible loss of employment-related

3    opportunities.  As a further proximate result of Defendant's wrongful actions against

4    Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered

5    humiliation, mental anguish, emotional and physical distress, anxiety, and has been

6    injured in the mind and body.

7    22.   The wrongful conduct of Defendant set forth herein above was perpetrated upon

8    Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights

9    and safety and with a callous indifference to the injurious consequences which were

10   substantially certain to occur and was shameful, despicable and deplorable.  Plaintiff is

11   further informed and believes that each business or corporate employer, through its

12   officers, directors and managing agents, and each individual defendant, including

13   without limitation, had advance knowledge of the wrongful conduct set forth above and

14   allowed said wrongful conduct to occur and continue to occur, thereby ratifying said

15   wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and

16   after becoming aware of their wrongful conduct, each corporate Defendant by and

17   through its officers, directors and managing agents, and each individual Defendant,

18   authorized and ratified the wrongful conduct herein alleged.  Therefore, Plaintiff seeks

19   exemplary and punitive damages against Defendant in an amount according to proof.

20                        **VI.   SECOND CAUSE OF ACTION**
                         PREGENCY DISCRIMINATION
21                        (Against All DEFENDANTS)

22   23.   Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 22,

23   inclusive, as though fully set forth herein.

24   24.   FEHA, codified in the Government Code, makes it unlawful for an employer to

25   discriminate against an employee on the basis of pregnancy, childbirth or related

26   medical conditions and or to refuse to allow a female employee affected by pregnancy,

27   childbirth or related medical conditions to take leave on account of pregnancy.

28   25.   Defendants engaged in unlawful employment practices in violation of the FEHA by,

-5-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

**Exhibit B, Page 41**

Ray&SeybLLP

1   including but not limited to, encouraging Plaintiff to quit and be a "stay at home mom"

2   and then negatively altering her terms of employment.

3   26.   Plaintiff is informed and believes and based thereon alleges that her pregnancy,

4   childbirth and related medical conditions, as well as her protected leave, were

5   motivating factors in Defendants' decision to first encourage Plaintiff to quit or became

6   a part time employee and then demote her.

7   27.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff

8   has suffered and continues to sustain substantial losses in earnings and other

9   employment benefits in an amount according to proof at the time of trial.

10   28.   As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff

11   has suffered humiliation, emotional distress, and mental and physical pain and anguish,

12   all to her damage in an amount according to proof at the time of trial.

13   29.   In doing the acts herein alleged, Defendants, and each of them, acted with oppression,

14   fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore

15   entitled to punitive damages in an amount according to proof at the time of trial.

16   30.   Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an

17   amount according to proof at the time of trial.

18   ## VII.   **THIRD CAUSE OF ACTION**

FAILURE TO PREVENT DISCRIMIANTION, HARASSMENT OR RETALIATION

19   (Against All DEFENDANTS)

20   31.   Plaintiff incorporates by reference and realleges paragraphs 1 through 30, inclusive, as

21   though set forth fully herein.

22   32.   California Government Code section 12940(k) provides that it is unlawful for any

23   employer or covered entity to fail to take all reasonable steps necessary to prevent

24   retaliation from occurring.

25   33.   Defendant failed to take all reasonable steps necessary to prevent retaliation from

26   occurring.

27   34.   Among other things, Defendant failed to train and adequately supervise its employees in

28   order to ensure that these employees were not violating the Fair Employment and

-6-

**Ray&Seyb**LLP

Exhibit B, Page 42

1   Housing Act in their treatment of other employees.

2   35.   In committing these actions, Defendant violated the Fair Employment and Housing Act.

3   Defendant committed the acts alleged herein oppressively and maliciously, with the

4   wrongful intention of injuring Plaintiff.

5   36.   Defendant, from an evil and improper motive amounting to malice, and in conscious

6   disregard of Plaintiff's rights, in that Defendant failed to take all reasonable steps

7   necessary to prevent discrimination and harassment from occurring. Thus, Plaintiff is

8   entitled to recover punitive damages from Defendant.

9   37.   As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an

10   amount according to proof.

11   38.   The conduct of Defendants and Does 1 through 100 and/or their agents, employees, and

12   supervisors as described herein was malicious, oppressive, and done with willful and

13   conscious disregard for Plaintiff's rights and for the deleterious consequences of

14   Defendants' actions.  Defendants authorized, condoned, and ratified the unlawful

15   conduct of each and every one of them.  Consequently, Plaintiff is entitled to an award

16   of punitive damages in an amount to be determined at trial.

17
**VIII. FOURTH CAUSE OF ACTION**
HOSTILE WORK ENVIRONMENT
18   (Against All DEFENDANTS)

19   39.   Plaintiff incorporates by reference and realleges paragraphs 1 through 38, inclusive, as

20   though set forth fully herein.

21   40.   Defendants' actions, as alleged above, resulted in a work environment which was hostile

22   to Plaintiff and said hostile environment permeated Plaintiff's workplace.  Additionally,

23   Defendants' actions as alleged above were unwelcome to Plaintiff and negatively altered

24   Plaintiff's workplace by creating an environment hostile to Plaintiff.

25   41.   Defendant and DOES 1 - 100, and each of them, caused, allowed, and failed to prevent a

26   hostile work environment for Plaintiff.

27   42.   As a result of such discrimination, as ratified and authorized by Defendants, Plaintiff

28   was violated in her person, humiliated, and subjected to severe emotional distress and

-7-

1    damage as well.

2    43.   The foregoing conduct violates the California Fair Employment and Housing Act,

3          Government Code Section 12940, et seq.

4    44.   Plaintiff received a right-to-sue letter from the DFEH and filed this action in a timely

5          manner thereafter, a copy of which is attached hereto as Exhibit A.  Accordingly,

6          Plaintiff has timely complied with all prerequisites to suit.

7    45.   The conduct of Defendants and Does 1 through 100 and/or their agents, employees, and

8          supervisors as described herein was malicious, oppressive, and done with willful and

9          conscious disregard for Plaintiff's rights and for the deleterious consequences of

10         Defendants' actions.  Defendants authorized, condoned, and ratified the unlawful

11         conduct of each and every one of them.  Consequently, Plaintiff is entitled to an award

12         of punitive damages in an amount to be determined at trial.

13   46.   Plaintiff is further informed and believes that each business or employer, through its

14         officers, directors and managing agents, and each individual Defendant had advance

15         knowledge of the wrongful conduct set forth above and allowed said wrongful conduct

16         to occur and continue to occur, thereby ratifying said wrongful conduct, with a

17         conscious disregard of the rights and safety of Plaintiff.  For the deleterious

18         consequences of Defendants' actions, and after becoming aware of their wrongful

19         conduct, each Defendant by and through its agents, and each individual Defendant,

20         authorized and ratified the wrongful conduct herein alleged.

21   47.   Plaintiff is further informed and believes and based thereon alleges that at all times

22         relevant hereto, Defendants, and each of them, were the agents, employees, managing

23         agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos,

24         and/or joint ventures of the other Defendants, and each of them, and in doing the things

25         alleged herein, were acting at least in part within the course and scope of said agency,

26         employment, conspiracy, joint employer, alter ego status, and/or joint venture and with

27         the permission and consent of each of the other Defendants

28         ///

-8-

Exhibit B, Page 44

Ray&Seyb LLP

## IX.   **FIFTH CAUSE OF ACTION**
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
(Against All DEFENDANTS)

48.   Plaintiff incorporates by reference and realleges paragraphs 1 through 47, inclusive, as though set forth fully herein.

49.   Defendants' conduct was done with reckless disregard of the probability of causing Plaintiff emotional distress or with the intent of causing Plaintiff to suffer emotional distress.

50.   Plaintiff did in fact suffer severe emotional distress.  Plaintiff's emotional distress was a direct and proximate result of the outrageous conduct of Defendants.

51.   Moreover, Defendants' conduct was oppressive, fraudulent, malicious, despicable, and outrageous, and was carried on by Defendants with willful disregard of the rights or safety of Plaintiff.  Defendants therefore subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. As a further proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body.  Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

52.   Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of Plaintiff and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

53.   Plaintiff is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos,

-9-

Ray&SeybLLP

Exhibit B, Page 45

1   and/or joint ventures of the other Defendants, and each of them, and in doing the things

2   alleged herein, were acting at least in part within the course and scope of said agency,

3   employment, conspiracy, joint employer, alter ego status, and/or joint venture and with

4   the permission and consent of each of the other Defendants.

5   54.   The conduct of Defendants and Does 1 through 100 and/or their agents, employees,

6   supervisors as described herein was malicious, oppressive, and done with willful and

7   conscious disregard for Plaintiff's rights and for the deleterious consequences of

8   Defendants' actions.  Defendants authorized, condoned, and ratified the unlawful

9   conduct of each and every one of them.  Consequently, Plaintiff is entitled to an award

10   of punitive damages in an amount to be determined at trial.

**X.   SIXTH CAUSE OF ACTION**
RETALIATION
(Against all Defendants)

13   55.   Plaintiff restates and incorporates by reference each and every allegation contained in

14   paragraphs 1 through 54, inclusive, as though fully set forth herein.

15   56.   In violation of Cal. Govt. Code 12940, et seq., Defendant, as alleged herein above,

16   retaliated against Plaintiff for informing management about unlawful conduct and a

17   hostile work environment, a protected activity, by subjecting him to adverse

18   employment actions including, but not limited to the following:

19   a.   Treating Plaintiff less favorably than his co-workers;

20   b.   Denying Plaintiff the benefits and privileges of his employment;

21   c.   Subjecting Plaintiff to unwarranted disciplinary actions;

22   d.   Defaming Plaintiff's character and professional reputation;

23   57.   Plaintiff received a right-to-sue letter from the DFEH and filed this action in a timely

24   manner thereafter, a copy of which is attached hereto as Exhibit A.  Accordingly,

25   Plaintiff has timely complied with all prerequisites to suit.

26   58.   As a proximate result of Defendant's wrongful actions against Plaintiff, as alleged

27   above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary,

28   benefits, and additional amounts of money Plaintiff would have received if Plaintiff had

-10-

1   not been wrongfully terminated by Defendant.  As a further proximate result of

2   Defendant's wrongful actions against Plaintiff as alleged above, Plaintiff has been

3   harmed in that Plaintiff has suffered intangible loss of employment-related

4   opportunities.  As a further proximate result of Defendant's wrongful actions against

5   Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered

6   humiliation, mental anguish, emotional and physical distress, anxiety, and has been

7   injured in the mind and body.

8   59.   The wrongful conduct of Defendant set forth herein above was perpetrated upon

9   Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights

10   and safety and with a callous indifference to the injurious consequences which were

11   substantially certain to occur and was shameful, despicable and deplorable.  Plaintiff is

12   further informed and believes that each business or corporate employer, through its

13   officers, directors and managing agents, had advance knowledge of the wrongful

14   conduct set forth above and allowed said wrongful conduct to occur and continue to

15   occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights

16   and safety of Plaintiff, and after becoming aware of their wrongful conduct, each

17   corporate Defendant by and through its officers, directors and managing agents, and

18   each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

19   60.   The conduct of Defendant and Does 1 through 100 and/or their agents, employees, and

20   supervisors as described herein was malicious, oppressive, and done with willful and

21   conscious disregard for Plaintiff's rights and for the deleterious consequences of

22   Defendant's actions.  Defendant authorized, condoned and ratified the unlawful conduct

23   of each and every one of them.  Consequently, Plaintiff is entitled to an award of

24   punitive damages in an amount to be determined at trial.

25   61.   Plaintiff is further informed and believes that each business or employer, through its

26   officers, directors and managing agents, and each individual Defendant had advance

27   knowledge of the wrongful conduct set forth above and allowed said wrongful conduct

28   to occur and continue to occur, thereby ratifying said wrongful conduct, with a

-11-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Ray&SeyɓLLP

Exhibit B, Page 47



1    conscious disregard of the rights and safety of Plaintiff and for the deleterious

2    consequences of Defendant's actions, and after becoming aware of their wrongful

3    conduct, each Defendant by and through its agents, and each individual Defendant,

4    authorized and ratified the wrongful conduct herein alleged.

5                    **XI.    PRAYER FOR RELIEF**

6        **WHEREFORE**, Plaintiff JOCELYN RODRIGUEZ-TUCKER on behalf of herself,

7    requests the following relief as against Defendants INTERSTATE HOTELS AND RESORTS,

8    a California domestic nonprofit corporation; and DOES 1 through 100, as follows:

9    1.    For compensatory economic damages according to proof including losses incurred in

10         seeking substitute employment and loss of earnings, and other employment benefits;

11   2.    For compensatory non-economic damages for losses resulting from humiliation, mental

12        anguish, and emotional distress according to proof;

13   3.    For punitive damages according to proof;

14   4.    For costs incurred by Plaintiff, including reasonable attorneys' fees;

15   5.    For such other and further relief as the Court may deem proper.

16                   **XII.    DEMAND FOR JURY TRIAL**

17        Plaintiff JOCELYN RODRIGUEZ-TUCKER requests a jury trial on all issues.

18   Respectfully submitted,

19   DATED: December 9, 2020              **RAY & SEYB LLP**

20                                         By:

21                                         Spencer L. Seyb
                                           Attorney for Plaintiff
22                                         JOCELYN RODRIGUEZ-TUCKER

23

24

25

26

27

28

                            -12-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency _____ GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 9, 2020

JAQUELYN RODRIGUEZ-TUCKER

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202012-12029809
Right to Sue: RODRIGUEZ-TUCKER / INTERSTATE HOTELS AND RESORTS

Dear JAQUELYN RODRIGUEZ-TUCKER:

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 9, 2020 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

Electronically Filed by Superior Court of California, County of Orange, 12/09/2020 10:43:11 AM.
30-2020-01173706-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Spencer L. Seyb, SBN 282501<br>Ray & Seyb LLP<br>17671 Irvine Blvd. Ste. 208<br>Tustin, CA 92780<br>TELEPHONE NO.: 9497347333          FAX NO.:<br>ATTORNEY FOR *(Name)*: JOCELYN RODRIGUEZ-TUCKER | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Orange
STREET ADDRESS: 700 Civic Center Dr.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
RODRIGUEZ-TUCKER v. INTERSTATE HOTELS, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ✔ **Unlimited** (Amount demanded exceeds $25,000) | ☐ **Limited** (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2020-01173706-CU-OE-CJC<br><br>JUDGE: Judge Derek W. Hunt<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ✔ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ✔ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ✔ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ✔ punitive
4. Number of causes of action *(specify)*: Six (6)
5. This case ☐ is   ✔ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/9/2020
Spencer L. Seyb
_____
(TYPE OR PRINT NAME)            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

Exhibit B, Page 51

Electronically Filed by Superior Court of California, County of Orange, 12/09/2020 10:43:11 AM.
30-2020-01173706-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INTERSTATE HOTELS AND RESORTS, a business entity form unknown; and DOES 1 through 100, inclusive, and each of them,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOCELYN RODRIGUEZ-TUCKER, an individual

---

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Orange County - Central Justice Center<br>700 Civic Center Dr. Santa Ana, CA 92701 | CASE NUMBER: *(Número del Caso):*<br>30-2020-01173706-CU-OE-CJC<br>Judge Derek W. Hunt |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Spencer L. Seyb, RAY & SEYB LLP, 17671 Irvine Blvd. Ste. 208 Tustin, CA 92780 T -949-734-7333

| DATE:<br>*(Fecha)* 12/09/2020 | DAVID H. YAMASAKI, Clerk of the Court | Clerk, by<br>*(Secretario)* Randi Baker | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courts.ca.gov* |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.

| Print this form | Save this form | | Clear this form |
|---|---|---|---|

Exhibit B, Page 52

# EXHIBIT C

**POS-015**

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NO: 282501 | FOR COURT USE ONLY |
|---|---|---|
| NAME: Spencer L. Seyb | | |
| FIRM NAME: Ray & Seyb LLP | | |
| STREET ADDRESS: 17671 Irvine Blvd. Ste. 208 | | |
| CITY: Tustin | STATE: CA ZIP CODE: 92780 | |
| TELEPHONE NO.: 9497347333 | FAX NO.: | |
| E-MAIL ADDRESS: c.seyb@rayseyb.com | | |
| ATTORNEY FOR (Name): Jocelyn Rodriguez-Tucker | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
 STREET ADDRESS: 700 Civic Center Dr.
 MAILING ADDRESS:
 CITY AND ZIP CODE: Santa Ana, 92701
 BRANCH NAME: Central Justice Center

Plaintiff/Petitioner: Jocelyn Rodriguez-Tucker

Defendant/Respondent: Interstate Hotels

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER: 30-2020-01173706-CU-OE-CJC |
|---|---|

TO *(insert name of party being served):* Interstate Hotels and Resorts

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 1/21/2021

Charles M. Ray
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [X] A copy of the summons and of the complaint.
2. [X] Other *(specify):*
   Civil Case Cover Sheet

*(To be completed by recipient):*

Date this form is signed: February 10, 2021

Sarah Christenson, Attorneys for Defendant Interstate Hotels and Resorts
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use | NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL | Code of Civil Procedure, |
|---|---|---|
| Judicial Council of California | | §§ 415.30, 417.10 |
| POS-015 [Rev. January 1, 2005] | | www.courtinfo.ca.gov |

**For your protection and privacy, please press the Clear This Form button after you have printed the form.**

[ Print this form ]  [ Save this form ]    [ Clear this form ]


Exhibit C, Page 54

**PROOF OF SERVICE**
*Jocelyn Rodriguez-Tucker v. Interstate Hotels and Resorts*
Case No. 30-2020-01173706-CU-OE-CJC

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of (choose one) in the office of a member of the bar of this court at whose direction the service was made.  My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On February 10, 2021, I served the following document(s):

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒    **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐    **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒    **(State)**    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 10, 2012, at Costa Mesa, California.


_____
Nieka Caruthers-Dodson

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**<u>SERVICE LIST</u>**

*Jocelyn Rodriguez-Tucker v. Interstate Hotels and Resorts*
Case No. 30-2020-01173706-CU-OE-CJC

Charles M. Ray                                    Attorneys for Plaintiff
Spencer L. Seyb
REY & SEYB LLP
17671 Irvine Blvd, Suite 208
Tustin, CA 92780
Tel: 949.734.7333
Fax: 949.274.8151
c.ray@rayseyb.com
s.seyb@rayseyb.com

# EXHIBIT D

1  Sarah Christenson, CA Bar No. 291548
   sarah.christenson@ogletree.com
2  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
3  Park Tower, Fifteenth Floor
   695 Town Center Drive
4  Costa Mesa, CA  92626
   Telephone:    714-800-7900
5  Facsimile:    714-754-1298

6  Attorneys for Defendant
   Interstate Management Company, LLC
7  (erroneously sued as "Interstate Hotels and
   Resorts")

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                            **FOR THE COUNTY OF ORANGE**

10                              **CENTRAL JUSTICE CENTER**

11  | JOCELYN RODRIGUEZ-TUCKER, an individual, | Case No. 30-2020-01173706-CU-OE-CJC |
    |---|---|
12  |   | **DEFENDANT INTERSTATE** |
    | Plaintiff, | **MANAGEMENT COMPANY, LLC** |
13  |   | **(ERRONEOUSLY SUED AS** |
    | vs. | **"INTERSTATE HOTELS AND** |
14  |   | **RESORTS") ANSWER TO PLAINTIFF'S** |
    | INTERSTATE HOTELS AND RESORTS, a | **COMPLAINT** |
15  | business entity form unknown and DOES 1 |   |
    | through 100, inclusive, and each of them, | [Assigned for all purposes to The Honorable |
16  |   | Derek W. Hunt, Dept. C23] |
    | Defendants. |   |
17  |   |   |
    |   | Action Filed:     December 9, 2020 |
18  |   | Trial Date:       None Set |

        Defendant INTERSTATE MANAGEMENT COMPANY, LLC (erroneously sued as

"Interstate Hotels and Resorts") ("Defendant") hereby answers the Original Complaint

("Complaint") filed by Plaintiff JOCELYN RODRIGUEZ-TUCKER ("Plaintiff"):

                          **GENERAL AND SPECIFIC DENIALS**

        Pursuant to the provisions of California Code of Civil Procedure section 431.30(d),

Defendant denies, generally and specifically, each and every allegation contained in the Complaint,

and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in

any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act

46326419_1.docx

                                              1
─────────────────────────────────────────────────────────
   DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC (ERRONEOUSLY SUED AS "INTERSTATE
             HOTELS AND RESORTS") ANSWER TO PLAINTIFF'S COMPLAINT

or omission by any agent or employee of Defendant. Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.      The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

2.      Plaintiff is barred from any injunctive relief sought because Plaintiff has adequate remedies at law.

### THIRD AFFIRMATIVE DEFENSE

#### (After-Acquired Evidence)

3.      The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

### FOURTH AFFIRMATIVE DEFENSE

#### (Appropriate Remedial Action Taken by Employer)

4.      Defendant alleges  that it had in effect policies and procedures regarding the prohibition, reporting, and remediation of all types of discrimination and retaliation, whether on the basis of disability, age, gender, race, national origin, or otherwise.  Plaintiff was aware of these policies and procedures.  At all pertinent times, Defendant exercised reasonable care to prevent and promptly correct any discrimination, and Plaintiff unreasonably failed either to take advantage of preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.  To the extent Plaintiff alleges she availed herself of Defendant's reporting or complaint procedures, any such report or complaint was promptly and adequately investigated and appropriate remedial measures were taken, if applicable.

/ / /

/ / /

46326419_1.docx

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC (ERRONEOUSLY SUED AS "INTERSTATE
HOTELS AND RESORTS") ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit D, Page 59

**FIFTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

5.     Defendant alleges  that the relief prayed for in the Complaint against Defendant is barred by the Ellerth/Faragher defense/avoidable consequences doctrine or Plaintiff's failure to take advantage of the preventative or corrective opportunities provided by Defendant to avoid the harm alleged in the Complaint.

**SIXTH AFFIRMATIVE DEFENSE**

**(Bona Fide Occupational Qualification)**

6.     Any alterations or modifications to Plaintiff's job duties were justified, not based on discriminatory reasons, and were justified based upon a bona fide business necessity and based upon bona fide occupational qualifications.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Business Necessity)**

7.     Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Employer Lacked Knowledge)**

8.     The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly harassed, discriminated against and/or retaliated against.

**NINTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

9.     The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

/ / /

/ / /

/ / /

/ / /

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC (ERRONEOUSLY SUED AS "INTERSTATE HOTELS AND RESORTS") ANSWER TO PLAINTIFF'S COMPLAINT

46326419_1.docx

Exhibit D, Page 60

**TENTH AFFIRMATIVE DEFENSE**

**(Excessive Fines)**

10.     The Complaint, and each and every cause of action alleged therein, is barred in that any award of restitution would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

11.     The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

12.     Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith but Mistaken Belief)**

13.     The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Laches)**

14.     The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Authorization or Ratification)**

15.     Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

46326419_1.docx

4

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC (ERRONEOUSLY SUED AS "INTERSTATE HOTELS AND RESORTS") ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit D, Page 61

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Nondiscriminatory Reason)

16.     The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate nondiscriminatory reason.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

17.     Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

18.     Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Not a Substantial Motivating Reason)

19.     The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Plaintiff is Not a Qualified Individual with a Disability)

20.     The Complaint and each purported cause of action therein are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. Cal. Gov't Code section 12940, et seq.

46326419_1.docx

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC (ERRONEOUSLY SUED AS "INTERSTATE HOTELS AND RESORTS") ANSWER TO PLAINTIFF'S COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reasonable Accommodation Creates Undue Hardship)

21.    The Complaint, and each and every cause of action alleged therein, is barred as Defendant was excused from a providing a reasonable accommodation as the reasonable accommodation required would create an undue hardship for Defendant.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Same Decision/Mixed Motives)

22.    Any recovery on Plaintiff's Complaint, or any purported cause of action therein, is barred because assuming arguendo that unlawful reasons had been a motivating factor in any employment decision(s) toward Plaintiff, Defendant would have made the same employment decision(s) toward Plaintiff for separate, legitimate, and lawful business reasons.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

23.    The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

24.    The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Waiver)

25.    The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Workers' Compensation)

26.    The Complaint, and each and every cause of action alleged therein, is preempted by the Workers' Compensation Act.

6

1

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

2

**(Arbitration Agreement Bars Bringing Suit)**

3       27.      Defendant alleges that to the extent Plaintiff has agreed to arbitrate any or all of the

4   purported claims asserted in the Complaint, the Complaint violates such agreements to arbitrate and

5   the Complaint should be dismissed and/or stayed and Plaintiff should be compelled to arbitrate.

6

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

7

**(Additional Defenses)**

8       28.      Defendant may have additional defenses that cannot be articulated due to Plaintiff's

9   failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of

10  certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific

11  information concerning the nature of the damage claims and claims for certain costs which Plaintiff

12  alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert

13  additional defenses upon further particularization of Plaintiff's claims, upon examination of the

14  documents provided, upon discovery of further information concerning the alleged damage claims

15  and claims for costs, and upon the development of other pertinent information.

16

**PRAYER FOR RELIEF**

17          WHEREFORE, Defendant prays for judgment as follows:

18          1.      That Plaintiff takes nothing by way of the Complaint;

19          2.      That judgment be entered against Plaintiff and in favor of Defendant on all causes of

20  action;

21          3.      That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

46326419_1.docx

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC (ERRONEOUSLY SUED AS "INTERSTATE
HOTELS AND RESORTS") ANSWER TO PLAINTIFF'S COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4.      That Defendant be awarded such other and further relief as the Court may deem just and proper.


DATED: March 12, 2021                    OGLETREE, DEAKINS, NASH, SMOAK &
                                         STEWART, P.C.


                                         By: _____
                                              Sarah Christenson

                                         Attorneys for Defendant
                                         Interstate Hotels and Resorts

46326419_1.docx

8

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC (ERRONEOUSLY SUED AS "INTERSTATE HOTELS AND RESORTS") ANSWER TO PLAINTIFF'S COMPLAINT

# PROOF OF SERVICE

*Jocelyn Rodriguez-Tucker v. Interstate Hotels and Resorts, et al.*
Case No. 30-2020-01173706-CU-OE-CJC

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made.  My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On March 12, 2021, I served the following document(s):

**DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC (ERRONEOUSLY SUED AS "INTERSTATE HOTELS AND RESORTS") ANSWER TO PLAINTIFF'S COMPLAINT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☒     **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐     **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐     **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐     **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐     **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

☐     the written confirmation of counsel in this action:
☐     [State Court motion, opposition, or reply only] Code of Civil Procedure section 1005(b):

☒     **BY E-MAIL OR ELECTRONIC TRANSMISSION (courtesy copy):**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I

46326419_1.docx

9

**Exhibit D, Page 66**

1

2

caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

3   ☒   **(State)**          I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

4

5   Executed on March 12, 2021, at Costa Mesa, California.

6

7

8

9

10   _____
     Lisa Sles

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   46326419_1.docx

28

10

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC (ERRONEOUSLY SUED AS "INTERSTATE HOTELS AND RESORTS") ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit D, Page 67

1

**SERVICE LIST**

2

3    Charles M. Ray, Esq.                     Attorneys for Plaintiff
Spencer L. Seyb, Esq.                 Jocelyn Rodriguez-Tucker

4    RAY & SEYB LLP
17671 Irvine Blvd., Ste. 208

5    Tustin, CA 92780
Telephone:    949-734-7333

6    Facsimile:     949-274-8151
c.ray@rayseyb.com

7    s.seyb@rayseyb.com

8

9                                                          46326419.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

46326419_1.docx

DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC (ERRONEOUSLY SUED AS "INTERSTATE
HOTELS AND RESORTS") ANSWER TO PLAINTIFF'S COMPLAINT

Exhibit D, Page 68



For questions or support please contact
our customer support at: (800) 889-0111
or efiling@firstlegal.com

## Order # 4353311-01

### Additional Order Info

| Order Info | eFiling - Orange | |
|---|---|---|
| Case Info | Case Number: 30-2020-01173706-CU-OE-CJC<br>Case Title:  Rodriguez-Tucker vs. Interstate Hotels and Resorts<br>Jurisdiction:  Central Justice Center | |
| Case Participants | Rodriguez-Tucker, Jocelyn<br>Interstate Hotels and Resorts<br>Ray & Seyb LLP<br>Ogletree Deakins Nash Smoak Stewart | Client:  Ogletree Deakins Nash Smoak Stewart<br>Billing Code: 027279-000319 |
| Documents | Defendant Interstate Management Company (erroneously sued as "Interstate Ho... | Filed By: Ogletree Deakins Nash Smoak Stewart<br>On Behalf of: Interstate Hotels and Resorts - Defendant |
| Notifications | Lisa Sles (lisa.sles@ogletree.com) | |
| Order Details | **Document Filed by:** Ogletree Deakins Nash Smoak Stewart<br>**Filed on Behalf of:** Interstate Hotels and Resorts - Defendant<br>**Court Fees:** First Legal will advance Statutory Filing Fees when submitting your Order to Orange County Courts.<br>**Instructions to the Court Clerk:** Please Efile the attached Answer today. Thank you | |

# PROOF OF SERVICE

*Jocelyn Rodriguez-Tucker v. Interstate Hotels and Resorts, et al.*
Case No. 8:21-cv-00478

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

On March 12, 2021, I served the following document(s):

**DEFENDANT INTERSTATE MANAGEMENT COMPANY, LLC'S (ERRONEOUSLY SUED AS "INTERSTATE HOTELS AND RESORTS") NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY MAIL:** I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at Park Tower, Fifteenth Floor, 695 Town Center Drive, Costa Mesa, CA 92626.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☐ **BY MESSENGER SERVICE:** (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION** (courtesy copy): Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

46324390_1.docx

☐   **BY FACSIMILE:** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

       ☐   the written confirmation of counsel in this action:

       ☐   [Federal Court] the written confirmation of counsel in this action and order of the court:

☐   **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒   **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐   **(Federal)** I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on March 12, 2021, at Costa Mesa, California.

_____
Lisa Sles

46324390_1.docx

1

2

## SERVICE LIST

3

Charles M. Ray, Esq.                    Attorneys for Plaintiff
Spencer L. Seyb, Esq.                    Jocelyn Rodriguez-Tucker

4

RAY & SEYB LLP
17671 Irvine Blvd., Ste. 208

5

Tustin, CA 92780
Telephone:   949-734-7333

6

Facsimile:   949-274-8151
c.ray@rayseyb.com

7

s.seyb@rayseyb.com

8

9

46324390.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

46324390_1.docx

28

3

Case No. 8:21-cv-00478

PROOF OF SERVICE