Electronically Filed by Superior Court of California, County of Orange, 12/09/2020 10:43:11 AM.
30-2020-01173706-CU-OE-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
INTERSTATE HOTELS AND RESORTS, a business entity form unknown; and DOES 1 through 100, inclusive, and each of them,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

JOCELYN RODRIGUEZ-TUCKER, an individual

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (*www.sucorte.ca.gov*), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (*www.lawhelpcalifornia.org*), en el Centro de Ayuda de las Cortes de California, (*www.sucorte.ca.gov*) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:   Orange County - Central Justice Center
*(El nombre y dirección de la corte es):*
700 Civic Center Dr. Santa Ana, CA 92701

CASE NUMBER: *(Número del Caso):*
30-2020-01173706-CU-OE-CJC
Judge Derek W. Hunt

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Spencer L. Seyb, RAY & SEYB LLP, 17671 Irvine Blvd. Ste. 208 Tustin, CA 92780 T -949-734-7333

| DATE: | | | Clerk, by |  Randi Baker | , Deputy |
|---|---|---|---|---|---|
| *(Fecha)* | 12/09/2020 | DAVID H. YAMASAKI, Clerk of the Court | *(Secretario)* | | *(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

Case 8:21-cv-00478-CJC-DFM   Document 1-1   Filed 03/12/21   Page 2 of 16   Page ID #:75
Electronically Filed by Superior Court of California, County of Orange, 12/09/2020 10:43:11 AM.
30-2020-01173706-CU-OE-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

RAY & SEYB LLP
CHARLES M. RAY SBN 282440
SPENCER L. SEYB, SBN 282501
17671 Irvine Blvd. Ste. 208
Tustin, CA 92780
Tele: 949-734.7333
Fax: 949-274-8151
c.ray@rayseyb.com
s.seyb@rayseyb.com

Attorneys for Plaintiff:
JOCELYN RODRIGUEZ-TUCKER

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# FOR THE COUNTY OF ORANGE

JOCELYN RODRIGUEZ-TUCKER, an individual,

    Plaintiff,

v.

INTERSTATE HOTELS AND RESORTS, a business entity form unknown; and DOES 1 through 100, inclusive, and each of them,

    Defendants,

CASE No.: 30-2020-01173706-CU-OE-CJC
[Before the Hon. Assigned for all purposes Judge Derek W. Hunt]

**COMPLAINT FOR MONETARY DAMANGES AND DEMAND FOR JURY TRIAL.**

1. DISCRIMINATION ON THE BASIS OF SEX;

2. PREGNANCY DISCRIMINATION;

3. FAILURE TO PREVENT DISCRIMINATION, HARASSMENT OR RETALIATION;

4. HOSTILE WORK ENVIRONMENT;

5. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;

6. RETALITION.

-1-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# I. INTRODUCTION

This dispute arises out of an extensive mistreatment of Plaintiff JAQUELYN RODRIGUEZ-TUCKER by a member of Defendant INTERSTATE HOTELS AND RESORT's management to which no reasonable response to protect or attempt to punish such conduct were taken.

# II. PARTIES AND JURISDICTION

1. Plaintiff JAQUELYN RODRIGUEZ-TUCKER (herein "Plaintiff") is an individual residing California, County of Orange.

2. Defendant INTERSTATE HOTELS AND RESORTS (herein "Defendant IHR") is California domestic corporation, with business identification number C2120958, doing business and authorized to conduct business in the state of California, County of Orange, at the address of 1850 S Harbor Blvd Anaheim, CA 92802.

3. Defendant IHR is referred to herein collectively as "Defendants" where appliable.

4. Defendants and Does 1 through 100, at all relevant times were the agents and employees of one another, ratifying the acts of one another, and in doing the things hereinafter alleged were acting within the course and scope of the agency.

5. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 100, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained.

6. Plaintiff is informed and believes, and thereupon alleges that at all times herein mentioned, the Defendants were the agents, employees and/or servants, masters or employers of the remaining defendants and in doing the things herein after alleged, were acting within the course and scope of such agency or employment, and with the approval and ratification of each of the other defendants.

7. Plaintiff is informed and believe and thereon alleges that each of the fictitiously named Defendant is responsible in some manner for the occurrences hereinafter alleged, and that Plaintiff's injuries as herein alleged were proximately caused by the

aforementioned Defendants.

8. The unlawful conduct alleged herein was committed within the County of Orange.

### III. FACTS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff began her employment with Red Lion Hotels in December of 2016. Upon taking her position as Controller/Account Manager, she quickly earned respect and admiration from her work peers for her attention to detail and upbeat attitude.

10. In February of 2019, it was announced that Defendant would be purchasing Red Lion Hotels and all employees would be retained after that purchase.

11. In May of 2019, Plaintiff had a one on one meeting with a male manager of Defendant. At this point, it is widely known within the company that Plaintiff was pregnant and planning on going out on pregnancy leave in July.

12. To Plaintiff's surprise, during this conversation this manager allegedly suggested that she should strongly consider not coming back to work and additionally that she should become a "stay at home mom". He went on to say how great it was for his family that his wife had stayed home with their kids. He also suggested that if she did not want to be a stay at home mom, maybe she should just come back part time. This suggestion was brought up several times during the conversation and Plaintiff felt as if she was being strongly pressured to resign.

13. In response Plaintiff told this manager that her family could not financially afford for her to stay home, nor work part time. His comments caused Plaintiff to be embarrassed and devalued as both an employee and as a women. She began to fear for the security of her job and suffered from panic attacks after these exchanges.

14. Later that day Plaintiff report this conversation to Defendant's Human Resources Department. Allegedly, the person she spoke to said they "did not like what was said" and would "look into the situation". As time quickly told, there was no meaningful or substantive investigation performed. As planned, Plaintiff went out on medical leave for her pregnancy on July 5, 2019.

15. On January 13, 2020, Plaintiff returned to work to find her desk and duties had been

-3-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1  taken over by someone else. At this point, it was clear to Plaintiff that this manager had
2  been trying to strong arm her into quitting or not coming back after her pregnancy leave.
3  The takeover served as a demotion and Plaintiff never retained her previous
4  responsibility or seniority.

## IV. EXHAUSTION OF REMEDIES

16. Plaintiff has exhausted all applicable administrative remedies. On December 9, 2020, an Administrative Complaint was filed on Plaintiff's behalf with the California Department of Fair Employment and Housing as to Defendants Only and a Right to Sue notice was issued on that same day with assigned Case No.: 202012-12029809 and is attached hereto as Exhibit A.

## V. FIRST CAUSE OF ACTION
### DISCRIMINATION ON THE BASIS OF SEX
### (Against All DEFENDANTS)

17. Plaintiff incorporates by reference and realleges paragraphs 1 through 16, inclusive, as though set forth fully herein.

18. Plaintiff is informed and believes and thereon alleges that she was mistreated in violation of California law as described previous, had her responsibilities cut or reduced and was terminated due to her sex (female).

19. Plaintiff is informed and believes and thereon alleges that her sex (female) was a motivating factor in her being mistreated in violation of California law as described previous, had her responsibilities cut or reduced and was terminated.

20. The foregoing conduct by the Employer Defendants and each of them constitutes discrimination in violation of Government Code §12940(a), and other provisions of FEHA, which preclude an employer from discriminating against an employee or taking other adverse employment actions against them due to their sex.

21. As a proximate result of Defendant's wrongful actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had not been wrongfully terminated by Defendant. As a further proximate result of

| | |
|---|---|
| 1 | Defendant's wrongful actions against Plaintiff as alleged above, Plaintiff has been |
| 2 | harmed in that Plaintiff has suffered intangible loss of employment-related |
| 3 | opportunities. As a further proximate result of Defendant's wrongful actions against |
| 4 | Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered |
| 5 | humiliation, mental anguish, emotional and physical distress, anxiety, and has been |
| 6 | injured in the mind and body. |

22. The wrongful conduct of Defendant set forth herein above was perpetrated upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable. Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, and each individual defendant, including without limitation, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct, each corporate Defendant by and through its officers, directors and managing agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged. Therefore, Plaintiff seeks exemplary and punitive damages against Defendant in an amount according to proof.

### VI. SECOND CAUSE OF ACTION
PREGENCY DISCRIMINATION
(Against All DEFENDANTS)

23. Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 22, inclusive, as though fully set forth herein.

24. FEHA, codified in the Government Code, makes it unlawful for an employer to discriminate against an employee on the basis of pregnancy, childbirth or related medical conditions and or to refuse to allow a female employee affected by pregnancy, childbirth or related medical conditions to take leave on account of pregnancy.

25. Defendants engaged in unlawful employment practices in violation of the FEHA by,

-5-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

including but not limited to, encouraging Plaintiff to quit and be a "stay at home mom" and then negatively altering her terms of employment.

26. Plaintiff is informed and believes and based thereon alleges that her pregnancy, childbirth and related medical conditions, as well as her protected leave, were motivating factors in Defendants' decision to first encourage Plaintiff to quit or became a part time employee and then demote her.

27. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

28. As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental and physical pain and anguish, all to her damage in an amount according to proof at the time of trial.

29. In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages in an amount according to proof at the time of trial.

30. Plaintiff has also incurred and continues to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial.

## VII.  THIRD CAUSE OF ACTION
FAILURE TO PREVENT DISCRIMIANTION, HARASSMENT OR RETALIATION
(Against All DEFENDANTS)

31. Plaintiff incorporates by reference and realleges paragraphs 1 through 30, inclusive, as though set forth fully herein.

32. California Government Code section 12940(k) provides that it is unlawful for any employer or covered entity to fail to take all reasonable steps necessary to prevent retaliation from occurring.

33. Defendant failed to take all reasonable steps necessary to prevent retaliation from occurring.

34. Among other things, Defendant failed to train and adequately supervise its employees in order to ensure that these employees were not violating the Fair Employment and

1  Housing Act in their treatment of other employees.

35. In committing these actions, Defendant violated the Fair Employment and Housing Act. Defendant committed the acts alleged herein oppressively and maliciously, with the wrongful intention of injuring Plaintiff.

36. Defendant, from an evil and improper motive amounting to malice, and in conscious disregard of Plaintiff's rights, in that Defendant failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring. Thus, Plaintiff is entitled to recover punitive damages from Defendant.

37. As a proximate result of the acts of Defendant, Plaintiff has suffered damages in an amount according to proof.

38. The conduct of Defendants and Does 1 through 100 and/or their agents, employees, and supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

## VIII. FOURTH CAUSE OF ACTION
### HOSTILE WORK ENVIRONMENT
### (Against All DEFENDANTS)

39. Plaintiff incorporates by reference and realleges paragraphs 1 through 38, inclusive, as though set forth fully herein.

40. Defendants' actions, as alleged above, resulted in a work environment which was hostile to Plaintiff and said hostile environment permeated Plaintiff's workplace. Additionally, Defendants' actions as alleged above were unwelcome to Plaintiff and negatively altered Plaintiff's workplace by creating an environment hostile to Plaintiff.

41. Defendant and DOES 1 - 100, and each of them, caused, allowed, and failed to prevent a hostile work environment for Plaintiff.

42. As a result of such discrimination, as ratified and authorized by Defendants, Plaintiff was violated in her person, humiliated, and subjected to severe emotional distress and

damage as well.

43. The foregoing conduct violates the California Fair Employment and Housing Act, Government Code Section 12940, et seq.

44. Plaintiff received a right-to-sue letter from the DFEH and filed this action in a timely manner thereafter, a copy of which is attached hereto as Exhibit A. Accordingly, Plaintiff has timely complied with all prerequisites to suit.

45. The conduct of Defendants and Does 1 through 100 and/or their agents, employees, and supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

46. Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff. For the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

47. Plaintiff is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants

///

## IX. FIFTH CAUSE OF ACTION
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against All DEFENDANTS)

48. Plaintiff incorporates by reference and realleges paragraphs 1 through 47, inclusive, as though set forth fully herein.

49. Defendants' conduct was done with reckless disregard of the probability of causing Plaintiff emotional distress or with the intent of causing Plaintiff to suffer emotional distress.

50. Plaintiff did in fact suffer severe emotional distress. Plaintiff's emotional distress was a direct and proximate result of the outrageous conduct of Defendants.

51. Moreover, Defendants' conduct was oppressive, fraudulent, malicious, despicable, and outrageous, and was carried on by Defendants with willful disregard of the rights or safety of Plaintiff. Defendants therefore subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights. As a further proximate result of Defendants' actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body. Plaintiff is thereby entitled to general and compensatory damages in an amount to be proven at trial.

52. Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and sanctioned said wrongful conduct, thereby ratifying it, with a conscious disregard of the rights and safety of Plaintiff and for the deleterious consequences of Defendants' actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

53. Plaintiff is further informed and believes and based thereon alleges that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos,

1. and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, and/or joint venture and with the permission and consent of each of the other Defendants.

54. The conduct of Defendants and Does 1 through 100 and/or their agents, employees, supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions. Defendants authorized, condoned, and ratified the unlawful conduct of each and every one of them. Consequently, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

## X. SIXTH CAUSE OF ACTION
### RETALIATION
(Against all Defendants)

55. Plaintiff restates and incorporates by reference each and every allegation contained in paragraphs 1 through 54, inclusive, as though fully set forth herein.

56. In violation of Cal. Govt. Code 12940, et seq., Defendant, as alleged herein above, retaliated against Plaintiff for informing management about unlawful conduct and a hostile work environment, a protected activity, by subjecting him to adverse employment actions including, but not limited to the following:

   a. Treating Plaintiff less favorably than his co-workers;
   b. Denying Plaintiff the benefits and privileges of his employment;
   c. Subjecting Plaintiff to unwarranted disciplinary actions;
   d. Defaming Plaintiff's character and professional reputation;

57. Plaintiff received a right-to-sue letter from the DFEH and filed this action in a timely manner thereafter, a copy of which is attached hereto as Exhibit A. Accordingly, Plaintiff has timely complied with all prerequisites to suit.

58. As a proximate result of Defendant's wrongful actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered the loss of wages, salary, benefits, and additional amounts of money Plaintiff would have received if Plaintiff had

not been wrongfully terminated by Defendant. As a further proximate result of Defendant's wrongful actions against Plaintiff as alleged above, Plaintiff has been harmed in that Plaintiff has suffered intangible loss of employment-related opportunities. As a further proximate result of Defendant's wrongful actions against Plaintiff, as alleged above, Plaintiff has been harmed in that Plaintiff has suffered humiliation, mental anguish, emotional and physical distress, anxiety, and has been injured in the mind and body.

59. The wrongful conduct of Defendant set forth herein above was perpetrated upon Plaintiff intentionally, willfully, fraudulently, in conscious disregard of Plaintiff's rights and safety and with a callous indifference to the injurious consequences which were substantially certain to occur and was shameful, despicable and deplorable. Plaintiff is further informed and believes that each business or corporate employer, through its officers, directors and managing agents, had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a conscious disregard of the rights and safety of Plaintiff, and after becoming aware of their wrongful conduct, each corporate Defendant by and through its officers, directors and managing agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

60. The conduct of Defendant and Does 1 through 100 and/or their agents, employees, and supervisors as described herein was malicious, oppressive, and done with willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendant's actions. Defendant authorized, condoned and ratified the unlawful conduct of each and every one of them. Consequently, Plaintiff is entitled to an award of punitive damages in an amount to be determined at trial.

61. Plaintiff is further informed and believes that each business or employer, through its officers, directors and managing agents, and each individual Defendant had advance knowledge of the wrongful conduct set forth above and allowed said wrongful conduct to occur and continue to occur, thereby ratifying said wrongful conduct, with a

-11-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

conscious disregard of the rights and safety of Plaintiff and for the deleterious consequences of Defendant's actions, and after becoming aware of their wrongful conduct, each Defendant by and through its agents, and each individual Defendant, authorized and ratified the wrongful conduct herein alleged.

## XI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff JOCELYN RODRIGUEZ-TUCKER on behalf of herself, requests the following relief as against Defendants INTERSTATE HOTELS AND RESORTS, a California domestic nonprofit corporation; and DOES 1 through 100, as follows:

1. For compensatory economic damages according to proof including losses incurred in seeking substitute employment and loss of earnings, and other employment benefits;
2. For compensatory non-economic damages for losses resulting from humiliation, mental anguish, and emotional distress according to proof;
3. For punitive damages according to proof;
4. For costs incurred by Plaintiff, including reasonable attorneys' fees;
5. For such other and further relief as the Court may deem proper.

## XII. DEMAND FOR JURY TRIAL

Plaintiff JOCELYN RODRIGUEZ-TUCKER requests a jury trial on all issues.

Respectfully submitted,

DATED: December 9, 2020

**RAY & SEYB LLP**

By: _____

Spencer L. Seyb
Attorney for Plaintiff
JOCELYN RODRIGUEZ-TUCKER

1
2
3
4
5
6
7
8

# EXHIBIT A

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

-13-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

December 9, 2020

JAQUELYN RODRIGUEZ-TUCKER

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202012-12029809
Right to Sue: RODRIGUEZ-TUCKER / INTERSTATE HOTELS AND RESORTS

Dear JAQUELYN RODRIGUEZ-TUCKER:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective December 9, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

Electronically Filed by Superior Court of California, County of Orange, 12/09/2020 10:43:11 AM.
30-2020-01173706-CU-OE-CJC - ROA # 3 - DAVID H. YAMASAKI, Clerk of the Court By Randi Baker, Deputy Clerk.

**CM-010**

**ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*
Spencer L. Seyb, SBN 282501
Ray & Seyb LLP
17671 Irvine Blvd. Ste. 208
Tustin, CA 92780
**TELEPHONE NO.:** 9497347333   **FAX NO.:**
**ATTORNEY FOR** *(Name):* JOCELYN RODRIGUEZ-TUCKER

**FOR COURT USE ONLY**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Orange
**STREET ADDRESS:** 700 Civic Center Dr.
**MAILING ADDRESS:**
**CITY AND ZIP CODE:** Santa Ana, 92701
**BRANCH NAME:** Central Justice Center

**CASE NAME:**
RODRIGUEZ-TUCKER v. INTERSTATE HOTELS, et al.

| CIVIL CASE COVER SHEET<br>[✔] Unlimited   [ ] Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **CASE NUMBER:** 30-2020-01173706-CU-OE-CJC<br>**JUDGE:** Judge Derek W. Hunt<br>**DEPT:** |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [✔] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [✔] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.[✔] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✔] punitive
4. Number of causes of action *(specify):* Six (6)
5. This case [ ] is  [✔] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 12/9/2020
Spencer L. Seyb
(TYPE OR PRINT NAME)                                 ▶ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov